## No. 6560.

### ALEXANDER ANDERSON vs. MARY A. PIKE, TUTRIX.

A will by which property is devised to *A,* and at his death to *B,* involves a *substitution,* which avoids the devise in favor of *B.*

No act reprobated by law, can be made valid by anybody's ratification.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Dewing,* J.

*Samuel P. Greves,* for plaintiff and appellee.

*Thomas P. Dupree,* for defendant.

The opinion of the court was delivered by

MANNING, C. J. In 1833 John Anderson died, domiciled in the parish of East Baton Rouge, having made an olographic will, by which he bequeathed his property to his brother and sisters, except that disposed of in the following clause:

"*I leave* to Phebe, one hundred acres of land known as Taquino Place,

with all the improvements thereon, and four negroes, viz: Phil., Jeany, Big Louisa, and Long Frank, and one thousand dollars, cash, to be invested in bank stock. At the death of Phebe, said land and negroes and increase to become the property of a yellow boy by the name of Alexander, son of Jeany, and in case of his death, to revert back to my heirs mentioned in the first part of my will."

The legatee, Alexander, seeks in this action to recover the Taquino Place, which is now in the possession of the defendant, whose husband acquired it at sheriff's sale issued upon judgment against J. & H. Perkins, to whom Phebe had sold it in 1845. The recovery is resisted on these grounds —

First—That the will is null as to the donation to Alexander, because it is a *fidei commissum* and substitution.

Second—That at the death of the decedent, the legatee, Alexander, was a slave, and incapable of inheriting or acquiring by donation *mortis causa*.

Third—The legatee is the unacknowledged bastard son of the deceased, and by reason thereof could not receive from him by that donation.

Fourth—That W. S. Pike, whom defendant represents, acquired the land in 1866, and those from whom he holds acquired it in 1845.

Fifth—The prescription of ten years is pleaded.

Substitutions and *fidei commissa* are prohibited. Every disposition by which the heir, legatee, or donee is charged to preserve the thing for, or to return it to, a third person, is null even with regard to the donee, instituted heir, or legatee. Civil Code, article 1507, new number 1520. The following clause in a will has been held to contain a substitution : " I give and bequeath unto my wife the plantation upon which I reside, and the following slaves, etc. I further will that upon the demise of my said wife that the property bequeathed to her return to my brothers and sisters and be equally divided between them." Provost's case, 13 An. 574.

The terms of the will in that case are very similar to the present. The bequest was pronounced a nullity.

In a later case a testator bequeathed to his grandson the residuum of his estate, and in the event of the legatee's death before majority, or without leaving lawful issue, then to his niece. The legatee attained majority, and afterward sold a part of the property thus bequeathed him, and then died without leaving lawful issue. The niece sued for the property. The purchasers pleaded the nullity of the provision of the will under which she claimed, because of its containing a prohibited substitution, and it was so held. Wailes vs. Daniel, 14 An. 578.

The facts of this case and the case at bar are exactly alike.

It is alleged, however, that the nullity of the will *quoad* the donation to Alexander is cured by the ratification of the testator's heirs, who have not sought, and do not seek, to disturb the donation, or question its

validity. A disposition of property which is reprobated by law is not sus-
ceptible of ratification. Hoggatt vs. Gibbs, 15 An. 700. Marcadé says :
La confirmation n'est donc possible que pour les obligations annulables.
et non pour celles qui seraient proprement nulles, inexistantes.    *    *    *
Cette impossibilité d'une confirmation pour les obligations qui seraient
proprement nulles a été nettement reconnue lors des travaux prepara-
toires, et la volonté du legislateur à cet regard ne saurait être douteuse.
Explication du Code Napoleon, tome 5, p. 90.

Nor has the Legislature here left this matter in doubt.

It is therefore ordered, adjudged, and decreed that the judgment of
the lower court is avoided and reversed ; and that there be judgment in
favor of the defendant with costs in both courts.