No. 1427.

ROBERT BENSON VS. WM. H. COZINE, EXECUTOR, ET AL.

1. The testatrix bequeathed her property to legatees named in the will, in full ownership.

   She directs that it be placed in possession of a trustee during her existence.

   The charge is not a prohibited substitution, as the trustee is not in any respect vested with the property as owner.

2. The will directed that the property be placed in the possession of a trustee, to be divided between the two legatees at her death.

   The trustee died prior to the testatrix. The latter had in effect revoked the charge, and there was no prohibited substitution.

APPEAL from the Twenty-first District Court, Parish of St. Martin. Mouton, J.

E. Simon for Plaintiff and Appellee:

1. Trusts are unknown to our laws, and are reprobated by law, under Art. 1520 R. C. C., prohibiting *fidei commissum* and substitutions.

2. A disposition leaving property in trust, in express terms to one for others, to be divided between them after the greve's or first legatee's death, comes within the prohibition of Art. 1520, and is both a *fidei commissum* and substitution, and therefore null.

3. The reprobation and nullity strike at the entire prohibited disposition and all parties in interest therein. Marcade, Vol. 3, p. 377.

Robert Martin and C. H. Mouton for Defendants and Appellants cited C. C., Art. 1473; 5 N. S. 301; 18 An. 409; 31 An. 456; Marcadé, Vol. 3, p. 376; 3 An. 157.

The opinion of the court was delivered by

BREAUX, J. The plaintiff, alleging that he is an heir of the late Isabella J. Robertson, brought this action against the executor and her legatees to annul her last will and testament, on the ground that it contains a prohibited substitution.

The will is olographic in form; it has been probated, and that part assailed reads: "I, Isabella Robertson, do hereby make the following bequests: My home, land, house and furniture, all complete, I leave to my step-mother, should she outlive me, to be held in trust for my cousin, D. B. Robertson, and my god-child, Isabel E. Knight, between whom I wish it to be equally divided after her death and," etc.

The heirship of plaintiff is admitted; it is also admitted that the

step-mother named in the will, Mrs. James E. Robertson, died at a time previous to the death of the testatrix.

From the judgment of the District Court annulling the will in part, on the ground that it contains a prohibited substitution, the defendant appeals.

1. There is no substitution or *fidei commissum* in the will.

In leaving certain property in trust to her step-mother to be divided at her death, the testatrix has not made a disposition vesting the property in one person, her step-mother—to be vested at her death, in other persons.

The object of the prohibition is to prevent legatees from placing property out of commerce, and thereby deteriorating its value.

It is obvious that the will under consideration does not fall within the grasp of the prohibition and does not entail any of the mischiefs mentioned by Marcade, Vol. 3, p. 306.

It is evident that the testatrix never intended that her step-mother should have title to the property under the will.

In Marshall et al. vs. Sarah H. Pearce et al., 34 An. 557, a well considered case upon the subject, it was decided that a will which read: " I give and bequeath to my wife property, to have and to held during her natural life; after her death I give and bequeath the same property to my grandson," was a prohibited substitution, as it was intended that the wife should receive the property in imperfect ownership, free from interference during her life.

In the pending case there was no ownership possible, for the trustee was to hold the property in trust for certain mentioned heirs. It was not in any sense to be her property. In Succession of Glidden, 44 An., the will, in so far as it related to trust, read: " At my husband's death the property shall be held in trust by my nieces, and all the income, including that left by my husband, shall inure to their benefit during their lifetime, and at their death to be divided equally between their daughters," and the court held, in interpreting it, that the trust was not a prohibited substitution, and that the will gave to the nieces of the testatrix named as trustees, the income of the property or the usufruct, but not the title; that it was a naked trust.

The trust in the will we are considering is similar, so far as it does not vest the property in the trustee.

2. If it be conceded that the intention was to vest the step-mother

with the ownership of the property, and at her death vest the legatees with ownership of the same property, for the reason that she did not survive the testatrix, there was at the death of the latter no possible substitution.

The will directed that the trust should not be a part of the disposition of the property if the step-mother did not survive the testatrix.

To set aside the legacies and decree them null we would have to give effect to an intention of the *de cujus*, especially recalled in the event of the death of Mrs. Robinson, the step-mother.

The property passed to the legatees without possible delay or incumbrance, and it is theirs since the death of the testatrix, without any right of interference by the trustee claiming it as a trust, or as imperfect ownership.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, in so far as it decrees as null that portion of the last will and testament of Isabella J. Robertson, *de cujus*, worded: "My home, land, house and furniture, all complete, I leave to my step-mother should she outlive me, to be held in trust for my cousin, D. B. Robertson, and my godchild, Isabel E. Knight, between whom I wish it equally divided after death.'"

The bequest and disposition being legal and binding, it is decreed that the said property be delivered to the said legatees in full ownership.

Except in that respect as just avoided and reversed the judgment appealed from is affirmed at plaintiff and appellant's costs in both courts