The opinion of the court was delivered by
Breaux, J.
The questions for decision are:’
1. Whether an executor’s authority, after having invested the amounts of the legacies as directed, continues under the terms pf the *963 will, and includes the duty of retaining possession and administering the interests for the protection and benefit of the legatees, or should he deliver the evidence of indebtedness and title of investment made by him to the legatees.
2. Whether the interest on a legacy of a certain amount runs from the date of the filing of the tableau recognizing the indebtedness of the succession.
By the following excerpts, from the testament of the decedent, the pertinent facts of the case are set forth, viz.:
“ After all my just debts are paid I give to Edna May Byrne, daughter of John P. Byrne and Ida Blackburn, the sum of $1000, to be put out at interest until she becomes of age, interest to be paid yearly for her education, clothing and support.
“I give to Octavia, Felicity and Jules Brunet, three children of Jules Brunet and Octavia Wolf, $500 each, to be put out at interest until they become of age, interest to be paid yearly.
“I give and bequeath to Sophie Bgloff, now living with Mrs. Alice Mora, $500, to be put out at interest until she. is twenty-four years of age, interest to be paid yearly.
“I give and bequeath to Bertha Egioff, now living in my house, $3500, whereof $3000 are to be out at interest during her life, the interest to be paid yearly, and the remaining $500 'are [to be paid in cash to her in two equal instalments of $250 each, one at my death and the other one year after my death. * * *
“I give the remainder of my effects to Mrs. Alice Mora, wife of Thomas Mora. * * ' * * * *
“ I charge my said executors to pay all my just debts, and then to distribute my estate as above provided, investing those legacies that are required to be put out at interest in such securities as they may deem best in the names of the said legatees.”
Two of the plaintiffs in rule, who apply to be placed in possession of certain legacies, are tutors of the minors who are legatees.
The plaintiff in another rule pending before us on appeal is of the age of majority.
The possibility that the disposition is a ftdei eommissum is suggested in argument; also that it involves a substitution.
It is also contended that an “impossible condition” attaches to the bequest.
In reference to the first ftdei eommissum, it being “ a disposition *964 by which the donee, the heir or legatee is charged to preserve for or return a thing to a third person,” it does not include within its meaning any of the bequests of the will.
It does not contain any gift to the donees through the agency of a third person in confidence that he will dispose of the amount for the benefit of the donees — i. e., no one “ is charged to preserve for or to return a thing to a third person.”
The donations of the decedent are absolute. They are made without attempting to interpose any third person.
The investment of the funds as directed in the will, and the manifest desire of the testator of protecting the interest of the donees) do not involve a fidei eommissum.
In reference to the prohibited substitution tested by the discussion of the authorities and the decision, Marshall vs. Pearce, 34 An. 587, there being no duty imposed upon the executor and no condition attached to the donation to deliver the property ostensibly donated, or really donated for a period to another, the real donee at any time, it can not in reason be held to fall within the definition given.
In the opinion it is said: “ The • simplest test to the substitution prohibited by our law is that it vests the property in one person,
* * * and at the death of such person vests the same property in another person, who takes the same directly from the testator, but by a title which only springs into existence on the death of the first donee.
“ Such a disposition destroys the power of alienation of the property by the first donee, because he is bound to hold it until his death in order that the person then called to take the title may take it.
“ At the same time no power of alienation exists in the second donee during the life of the first, because this title only comes into being at the death of the 'taker.”
No such condition presents itself under the will in the case at bar.
The legatees have absolute title, transferable and heritable. No others are named to have any interest; it is therefore not a prohibited substitution.
In reference to impossible conditions, defined as being those that are contrary to the laws or to morals, and as such reputed .not written.
That article (900 of the Code Napoleon and Art. 1519 of the Lou *965 isiana Code) says: Marcadé, Yol. 3, p. 583,'declares that in gratuitous dispositions all conditions physically or legally impossible are made nugatory by law, to that extent that the disposition becomes one pure and simple, and has effect as if the impossible condition had not been written. If the condition is illegal it is ignored and considered not written.
The condition attached, relating to the administration of the property by the executor, has features denying to the donee of age the enjoyment to which she has a right as owner.
The intention of the testator is the law of the will.
“ I give and bequeath” are the positive and disposing words, intending to vest the donee with the right named.
They, the legatees, are the absolute owners.
“Ownership is the right by whic.h a thing belongs to some one in particular, to the exclusion of all other persons.” C. O. 488.
“ The ownership of a thing is vested in him who has the immediate dominion of it, and not in him who has a mere beneficiary right.” C. C. 489.
“ Ownership is perfect when it is perpetual and-the thing is unencumbered with any real right toward any other person than the owner.” C. C. 490. '
The legatees are vested with these elements of ownership.
The impossible conditions attached to the legacy are as if not written.
By executing the condition maintaining the executor’s possession and his right to administer, the property is practically taken out of commerce and the authority to alienate is denied.
As to the denial of the right of alienation to the owner we have the authority of Sirey, Codes Annotés, p. 387, Sec. 47, and Demolombe, Vol. 18, Sec. 290, in support of the statement that the condition not to alienate is an impossible one to impose upon a bequest of the ownership of property.
From the former we translate:
“ That condition is impossible and to be expunged prohibiting the legatee from selling or binding or encumbering the property before a certain epoch.”
From Demolombe:
‘ ‘ The prohibition not to alienate is at most a precept, a nudum prseceptum.”
*966 In Partee vs.'Hill, 12 An. 767, it was decided “that the appointment by will of trustees to receive a sum of money bequeathed by the testator, and to pay the interest on it annually^to the legatee, will be disregarded if the legatee refuses to acquiesce in the creation of such an agency.”
From Succession of Franklin, 7 An. 395, we quote:
“Any illegal or impossible condition the disposition may contain is presumed to have been inserted inadvertently ” and not written. Clague vs. Clague, 13 La. 1.
The propositions are well supported by trustworthy authority that impossible conditions are to be considered not written, and that the condition attached to the legacy o‘f the decedent is an impossible condition.
In his elaborate opinion the learned judge of the court a qua says:
“There appears to have been some, confusion in the following opinion of the ‘ impossible condition ’ with the fidei eommissum, but as the judgment sustained the legacy and merely held the condition to be void, its meaning, legally speaking, was that there was an impossible condition and that there was not a fidei eommissum, for if the latter had existed the whole bequest would have been null. 36 An. 754.
“ I am aware that there may be some difficulty in reconciling the . conclusion of the Supreme Court in the case cited with the ruling in Macias and Strauss cases, 31 An. 127, 38 An. 59, but as the case cited has not been overruled,'in terms, and is supported by other decisions previously rendered, I feel authorized to rely on it in this case.”
We concur in the conclusion of the district judge, relative to the Steven case, 36 An. 754, as authoritative when the legatee is sui juris.
The two cases, Macias and Strauss, deflect somewhat from the line of preceding decisions.
We will not discuss the departure.
They apply to the interests of minors.
Whatever may 'be the appreciation of those decisions, when the necessity will arise for their consideration we are confident that the principles announced will not be extended as applying to legacies to persons not under legal disability.
The legatee of age has the absolute right to the dominion of the property donated to her.
These last decisions countenance the creating of a quasi tutorship quoad the legacy.
*967 They will have to undergo the test when a question arises involving the interests of minors.
In the ease at bar the minors’ interests are not affected by such a condition as attached to the legacy of the legatee of age.
It was not sought under the terms of the will to charge the executor with the duty of administering their interests until they are of age.
After investing the amount of the legacies it does not appear that it was the testator’s intention that he should collect and account for the interest until the majority of the minors.
The will being silent regarding the collection of and accounting for, the interest of the minors, that duty devolves upon the tutor.
“The persons and estate of minors shall in all cases be placed under the power of tutors and under-tutors. O. P. 958; Succession of Eueher, 30 An. 1017.
Interest is due from the day of the demand for delivery. O.O. 1626.
Interest is only due on particular legacies from the date provided in the article of the code.
In the ease to which our attention is directed the issue, it'appears, was as to whether the interest should run from 1857 or 1872. The court held that it should run from the last date. There was no question presented or decided as between the last date and that of demand.
In Ventréss vs. Brown, 34 An. 461, there was a question of equity:
“ Equity, besides, entitles Isaac D. Brown to that allowance. Interest was allowed his sister, Mrs. Faltus. There is no reason why she should not also receive it.”
We adhere to the article of the code that interest is due from demand.
Le legataire partiaulier n’a jamais droit aux fruits qu’a partir de sa demande. Marcade, Yol. 4, p. 69.
The judgment of the court a qua is affirmed at appellant’s costs.