4r 409,
45 1394¦
4r 409
52 85
4r 409
110 78

SUCCESSION of PHILIPPE DUCLOSLANGE—ÉDOUARD DUCLOSLANGE, Appellant.

The deceased bequeathed to the mother of his natural children certain lots of ground, "*pour en jouir sa vie durant, reversible après elle à mes enfans naturels alors existans, ou à leurs représentans.*" *Held*, that this was no substitution, but a bequest of the usufruct to the mother, and of the property to the children, allowed by art. 1509 of the Civil Code ; and that the rights of the latter vested at the opening of the succession of the testator, and not at the death of the mother.

Unless the will necessarily presents a substitution, and can be understood in no other manner, the disposition will be sustained.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J.

*Bodin*, for the appellant.

*L. Pierce*, contra.

MORPHY, J. In this suit, which was one for a partition among the natural children of the late Philippe Ducloslange, of some real property bequeathed to them by their father, Levi Peirce who held a judicial mortgage recorded in November, 1837, against Edouard Ducloslange, one of them, for $1818,50, and F. Buisson, as syndic of the creditors of said Edouard Ducloslange, who had failed in 1838, were ruled to show cause why the mortgage should not be cancelled and erased, so far as it bore upon the property sold to effect the partition, reserving all their rights to the amount coming to the insolvent from the sale. Levi Pierce and the syndic answered to the rule, both claiming a right to the portion accruing to Edouard Ducloslange. The insolvent, Edouard Ducloslange, then filed a peremptory exception praying for the erasure of the mortgage, and the dismissal of the claims of Peirce and Buisson, on the ground, that he had made a cession of his property since the date of the claim set up by Peirce ; that the principal debtor of said claim had likewise failed ; and that no suit can be brought before those two estates are settled. There was a judgment below decreeing the erasure of the mortgage, and ordering that the sum accruing to E. Ducloslange should be received by F. Buisson, to be applied under the direction of the District Court of the First District, where the insolvent proceedings were pending. Edouard Ducloslange has appealed.

The only question in this case is at what time the appellant's right to the property in dispute accrued. He contends that it was at the death of his mother, Eulalie Bacchus, in 1841, after he had made a cession of his property ; while, on the other hand, it is urged that his right originated at the time of the opening of the succession of Philippe Ducloslange, his natural father, long before his surrender. If the appellant's position be correct, he contends that under article 2173 of the Civil Code, his property acquired, since his *cessio bonorum*, cannot be seized by anterior individual creditors.

The solution of this question must depend upon a proper interpretation of the clause of the last will of Philippe Ducloslange bequeathing the property to his natural children. It reads thus ; " *En reconnaissance et pour salaire des soins et bons services qui m'ont été précédemment rendus par la négresse libre sus-mentionnée, Eulalie Bacchus, je lui lègue,* pour en jouir sa vie durant *les trois terrains de l'îlet* 78, *avec les bâtisses et établissemens qui s'y trouvent, le tout reversible après elle à mes enfans naturels alors existans, ou à leurs réprésentans si aucuns il y a. En outre* je lui donne et légue en toute propriété *les bêtes à cornes qui pourront se trouver, lors de mon décès ; &c.*"

The counsel for the appellant contends that, under this clause, which, he says, contains a substitution, his right to the property vested only at the death of the trustee, Eulalie Bacchus, in 1841 ; that before that time he had only an eventual right, or rather a hope which could not be transmitted to his heirs, or surrendered to his creditors. Such were undoubtedly the effects of a substitution, under those laws which sanctioned that manner of disposing of property ; but if the will of the appellant's father contains a substitution as he pretends, then no right whatever to the property he claims, ever vested in him. Civil Code, art. 1507. The Judge below was of opinion, that the testator intended to make of this property the disposition permitted by article 1509 of the Civil Code, to wit, that he bequeathed the usufruct of it to Eulalie Bacchus, and the property to his natural children, and that therefore the right of Edouard Ducloslange vested at the opening of the succession of his father, long before his surrender. This construction is warranted by the words of the testator, which convey the idea that he intended to give to Eulalie Bacchus only the enjoyment of his real property ; and it is much strengthened by the language he uses when, in the same clause of his will, he bequeaths to her his cattle and moveables. It is true, that the testator does not expressly mention that he actually bequeaths to his natural children the real property of which he gives the enjoyment to their mother during her lifetime ; but that such was his intention, appears to us to be fairly deducible from the declaration that the whole property shall go to them, or their representatives after her death. It is sometimes difficult to ascertain the true charac-

ter of dispositions of this sort; but in cases of doubt it should always be presumed that the *testator* intended to do that which was lawful, rather than that which was prohibited by law. It is on this principle that this court, and the tribunals in France, have held, that unless a clause in a will necessarily presents a substitution, and can be understood in no other manner, it will be sustained. 7 Mart. N. S. 417. 4 La. 504. 5 Toullier, Nos. 44 and 46. Merlin's Rep. *verbo* Substitution, Fiduc., Sect. 8., No. 7. The intention of the testator was after all a question of fact. We cannot say that the Jndge erred in the view he took of it : *voluntatis quæstio in estimatione judicis est.* In conclusion we must remark, that the appellant appears before us with extreme bad grace, in an attempt to show that the will under which he derives the property which he seeks to withhold from his creditors, contains a substitution by virtue of which he could lawfully take nothing. Civil Code, art. 1507.

<em>Judgment affirmed.</em>