## FISK, Guardian, *v.* FISK et al. Executors.

Where a testator bequeaths a sum of money to A, "for his sole use and benefit, without any security whatever, during his natural life, and at his death to be divided and given equally to the children of S", he must be considered as intending to create an usufruct in favor of A. Such a disposition is within the exception created by art. 1589 of the Civil Code to the prohibition of substitutions and *fideicommissa*. The property in the sum bequeathed does not vest absolutely in A ; for though, where the usufruct is of things which cannot be used without being expended or consumed, the usufructuary has a right to dispose of them at his pleasure, under the obligation of replacing them or their value, at the expiration of the usufruct (C. C. 542), as between the parties in interest, the law recognizes him to whom the property is to fall on the termination of the usufruct as the owner, and the usufructuary simply as such. C. C. 543 to 549, 556. Whenever an usufruct is legally established, whether perfect or imperfect according to the provisions of the Code, the prohibition is not violated.

Where the facts of a cause present a double aspect, one of which represents a contract which the law authorizes, and the other one prohibited by law, the contract must be sustained.

Where the usufruct of a sum of money is bequeathed to a person, "during his natural life, and at his death to be divided and given equally to the children of a third person," such only of the children of the latter as were alive at the testator's death, can take under the testament. C. C. 1457, 1458, 1459, 1469.

APPEAL from the Second District Court of New Orleans, *Kennedy,* J.
*Elmore* and *King*, for the plaintiff. The bequest in the will of *Stebbins Fisk* is valid. It created merely an imperfect usufruct in favor of *Abijah Fisk* during his life, the ownership being in the children of *Sereno Fisk.* C. C. 525, 528, 533, 601, 603, 604, 605, 552, 1456, 1460, 1465, 1509, 1515. 17 La. 52. 4 Rob. 302, 410. 1 Rob. 115, 118. 5 Toullier, no. 91, p. 99. The bequest to the children of *Sereno Fisk* is not a substitution. C. C. 1507. 1 Rob. 118. 4 Rob. 204. 3 Marcadé, 418, 428. 8 Duranton, 62.

*Prentiss* and *Finney*, for the appellants. 1. The legacy to the children of *Sereno Fisk*, was clearly a legacy to those who might be living at the time of the death of *Abijah Fisk*, the first legatee, and not to those living at the death of the testator. Such was manifestly the intention of the testator *Stebbins.* The words used are prospective, and refer for their effect to the death of *Abijah*— not that of the testator. " At his death (that is *Abijah's*), it shall be divided and given to the children of *Sereno* " The testator does not give, but directs, that at the death of *Abijah* " it shall be given." The expression is clearly a direction or command to *Abijah*, to render or return the legacy, at his death, to the children of *Sereno*, who may be then living, and this constitutes a "*fidei cammissum*" conditional, reprobated by our law.

2. At the death of the testator, no interest vested immediately, in the two children of *Sereno* then living; their interest was conditional upon the survivorship ; if they had died before *Abijah*, their heirs would not have been entitled to the legacy.

3. All "*fideicommissa*" are expressly prohibited by the Louisiana Code, except vulgar substitutions, and the case where the usufruct alone is given to one and the property at the same time to another.

4. This is not a "vulgar substitution," because the person first called, to wit, *Abijah Fisk*, was capable of taking, and did take, the legacy.

5. It is not a legacy of the usufruct to *Abijah*, and of the ownership to the children of *Sereno*, for the following reasons : 1. The terms of the donation are complete and absolute, embracing the full property and ownership. " To my brother *Abijah Fisk*, I give, devise and bequeath the sum of $100,000"— not the usufruct of $100,000, but the absolute property and ownership, ''during his natural life.'' Had the words just quoted been the only ones used, there could be no doubt that the property itself was conveyed, and that *Abijah* had a complete life estate in it. The additional words "for his sole use and benefit, without any security whatever, during his natural life," &c., so far from diminishing, strengthen the character of the legacy. It is to be "for his sole use and benefit" during his life. If, at the same time, the absolute ownership was in another, how could it be said to be for his sole use and benefit ? Ownership is property, and can be sold, transmitted, and used like 'any other property. He who has the ownership has a use and benefit in the property, as well as he who has only the usufruct. The terms of this legacy give to *Abijah Fisk*, during his natural life, full, complete, and absolute dominion over it. He can do with it as he pleases—" without any security whatever." These last words show that the testator intended to give him absolute dominion over the legacy, and that he should hold as absolute owner, and not as a mere usufructuary. This complete dominion rendered him complete and absolute owner during life (see Civ. Code, arts. 480, 481, 483, 484, &c.) ; and proves that the property, and not the mere usufruct, was given to *Abijah*. The same property was given to *Abijah* during his life, which was to be given at his death, to the children of *Sereno*.

2d. We have attempted to show, that by the terms of the legacy, it was the intention of the testator that it should be "divided and given" to the children of *Sereno*, living at the death of *Abijah*. If this was his intention, he could not at the same time have intended that the property should vest in the children of *Sereno* then living, at his own death. A usufruct is defined to be "the right to enjoy a thing, the property of which is vested in another. See Civil Code, art. 525. Whenever, then, there is a usufruct there must be, at the same time, an owner of the property in existence. If, then, *Abijah Fisk* took only a usufruct, what become of the property or ownership at the same time ? If it vested in the children of *Sereno Fisk*, then it vested in the two who were living at the death of the testator, and the three children born afterwards, are not entitled to a cent of the legacy. Again, by arts. 1459 and 1469 of the La. Code, "donations *mortis causâ*" cannot be made to persons, not "*in esse*" at the death of the testator.

Three of the present plaintiffs were not "*in esse*" at the death of *Stebbins Fisk* ; he could not, therefore, make them a donation of the property or ownership, because they were incapable of taking. The construction contended for by plaintiff necessarily excludes three of them from the operation of the will. It is manifest that the testator intended that *Abijah Fisk* should hold the legacy in full property, and, at his death, return it to the children of *Sereno* who might then be living. This view is sustained by another portion of the will.

After various pecuniary bequests, the testator says : " Should there be any surplus of my estate, after paying these bequests, I give it to my brother *Abijah Fisk* ; but should there be any deficiency, it shall be taken from the bequest made to him."

Even if the first clause of the will does convey to *Abijah* only a usufruct in the legacy, still it does not follow that the property was in the children of *Sereno*. We say that if it did not pass to *Abijah* by the first clause, it did by the last, in which he is constituted residuary legatee. *Abijah Fisk* took the usufruct by specific bequest, and the naked property for his life-time, under the residuary clause ; thus uniting usufruct and property, he became for the term of his life, absolute owner.

The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff, who is the natural tutor and guardian of his minor children, residing in the territory of Wisconsin, seeks to recover from the

FISK
v.
FISK.

executors of the late *Abijah Fisk*, the sum of $100,000, being the amount of a legacy alleged to be left to them under the will of their deceased uncle, *Stebbins Fisk*, who died in June, 1837. One of the executors, *Alvarez Fisk*, resists this demand, and claims the amount as belonging to the succession of *Abijah Fisk*, of whom he is the residuary legatee.

The rights of the parties before us depend upon the construction of this clause in the will of the late *Stebbins Fisk* :

" To my brother, *Abijah Fisk*, I give, devise, and bequeath the sum of $100,000, for his sole use and benefit, without any security whatever, during his natural life. At his death it shall be divided and given equally to the children of *Sereno Fisk*, my younger brother."

Under this clause *Abijah Fisk* received the $100,000, which he retained till his death, which took place, in New Orleans, in December, 1845.

It is contended that this legacy contains a *fideicommissum*, and is within the prohibitive article of our Civil Code on that subject.

In the case of *Ducloslange* v. *Ross,* recently decided, *ante* p. 432, we held that, under article 1507 of the Code, *fideicommissa*, as well as substitutions, were prohibited. To this prohibition, the Code, in the articles immediately following, 1508 and 1509, establishes two exceptions; the first, in favor of the vulgar substitution of the civil law, and the second, in favor of dispositions testamentary, or *inter vivos*, by which the usufruct is given to one, and the naked property to another. The difficulty of distinguishing with precision between the latter and *fideicommissa*, leads to the conclusion that, the sense of these articles, taken with other articles of the Code, is that, these excepted cases, although they may be substitutions or *fideicommissa*, are excepted from the general prohibition. That the intention of the testator was to create an usufruct in favor of the legatee, *Abijah Fisk*, the language made use of leaves no room to doubt ; and it is equally clear that, if no prohibition existed in relation to substitutions and *fideicommissa*, the children of *Sereno Fisk* could recover the amount of it from his succession at his death, the usufruct having terminated with that event.

But it is contended that this legacy is within the prohibition, and not within the exception, because the property in the money, or subject of the legacy, was absolutely vested in *Abijah Fisk*, and not merely the usufruct, and that he thereby became the owner, and not merely the usufructuary. This is true in one sense. If the usufruct is of things which cannot be used without being expended or consumed, the usufructuary has a right to dispose of them at his pleasure, under the obligation of replacing them or their value, at the expiration of the usufruct. C. C. 542. But, as between the parties in interest, the law recognizes him as *the owner*, to whom the property is to fall on the termination of the usufruct, and the *usufructuary, simply as such*, though the ownership is absolutely in him, of things which are expended or consumed in the use. See articles 542, 543 *et seq.* and 556. The interest, or property, in things subject to usufruct, is a fiction of law, created by the Code, with reference to which article 1509 must be construed as to its operation and intendment. Wherever an usufruct is legally established, whether perfect or imperfect according to the provisions of the Code, the prohibition is not violated.

We have held in the cases of the *Bank of Louisiana* v *Briscoe*, *ante* p. 157, and of *Macarty and others* v. *Mandeville*, *ante* p. 239, that where the facts of a case present a double aspect, one of which brought the case within, and the other left it without, the scope of a prohibitory law, the contract would be sus-

tained. We, therefore, concur with the district judge in his conclusion, as to the validity of the testamentary disposition in favor of the children of *Sereno Fisk.*

At the time of the death of the testator, *Stebbins Fisk,* but two of the children of *Sereno Fisk,* were *in esse,* and it is urged by the learned counsel that, the three of the present plaintiffs in interest, born since, are necessarily excluded from all participation in the legacy. The terms of the will are: " At his death, it shall be *divided and given equally to the children of Sereno Fisk, my youngest brother.*" At the decease of *Stebbins Fisk,* in June, 1837, but two of the plaintiffs were born, or conceived ; *Mary Elizabeth,* born in 1834, and *Newton,* born in 1836. The next in age, *Caroline,* was not born until September, 1838. Under the terms of the will, and in accordance with the provisions of the Civil Code, arts. 1457, 1458, 1459, 1469, we think that the children living at the decease of the testator can alone take under his will.

The learned judge before whom this cause was tried, at the instance of the counsel for the tutor, abstained from determining this question, as to which of the children this legacy belonged. The same request has been made in this court, but we do not feel ourselves at liberty to decide the case adversely to the residuary legatee and the succession of *Abijah Fisk,* represented by the executors, without determining to whom the money in dispute, of right, belongs. The judgment of the District Court will have to be changed in this respect.

The judgment of the District Court is, therefore, in part reversed ; and it is ordered that, judgment be rendered in favor of *Sereno Fisk,* tutor and guardian of his minor children, *Mary Elizabeth Fisk,* and *Newton Fisk,* against *Alvarez Fisk* and *Charles Watts,* executors of the late *Abijah Fisk,* for the sum of $100,000, with legal interest thereon from the 13th December, 1845, until paid, with costs of suit. In other respects the judgment is affirmed, the appellee paying the costs of this appeal.