SUCCESSION OF JOHN B. BARKER—Nos. 3496 and 3321.

It can not be urged by way of opposition to an Executor's account that the legacies are illegal—
"being disguised donations in trust, for a concubine of the deceased"—such an objection must be
made the subject of a separate and direct action against all the parties interested in maintaining
the will, or who are in possession of the property derived by it.

A legacy of the rent of a house to A. during her life, and of the house itself to B. after her death,
is the legacy of the usufruct to one, and of the naked ownership to another, which is allowed by
law.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
*Stockton & Steele* and *Pitts*, for appellants. *J. C. Clarke*, for appellees.

BUCHANAN, J. *George Lynch*, surviving executor of the last will of *John B. Barker*, was sued for an account, on the 30th October, 1852, by *Joshua Barker* and others, claiming to be the next of kin and heirs at law of the testator.

The representatives of *Charles A. Jacobs*, the other executor of *Barker*, (said *Jacobs* being dead) were made parties defendant.

To this suit all the defendants excepted that they had already filed a final account and distributed all the effects of the succession.

This exception was, after hearing, overruled; and the defendants answered, by pleading the general issue; denying specially that plaintiffs are heirs of *Barker* and entitled to an account; and reiterating their plea, already overruled, that they had rendered a final account, which had been homologated.

Upon this issue, the District Court rendered judgment on the 10th September, 1853, recognizing the petitioners as sole heirs at law of *John B. Barker*, and that *George Lynch*, surviving executor, be ordered to file an account of the receipts and expenditures of said executors as such, and of their acts and doings in the premises since the rendition of their last account. From this judgment, the petitioners have appealed through abundant precaution. It seems to us that it granted them all that they asked, and left open all the questions subsequently made upon the construction of the will of *Barker*, and the lapsing of certain legacies contained therein. These questions seem to have been touched upon by the District Judge in his reasons for judgment; but they do not appear either in the pleadings or in the decree; and we consider the decree alone, as the judgment between the parties. If there were any difficulty upon this point, it is removed by the interlocutory judgment already mentioned, overruling the exception of defendants.

The surviving executor, *Lynch*, filed an account, in obedience to the judgment of 10th September, 1853.

It is opposed by the heirs at law:

1st. Denying the correctness of the charges for moneys paid, contained therein.

2d. Alleging that the executor had come into the possession of certain property of the estate for which he is bound to account to them, and has not done so; namely, three brick houses on North Market street, and two brick houses on St. Thomas street. That the three brick houses in Market street were devised in the will of *Barker*, by particular legacy, to certain persons who have no existence. And that the legacy of one of the houses in St. Thomas street to *George Lynch* is void, because it was not to take effect until an uncertain time

after the death of the testator, the property being vested by the will in the mean time, and after *Barker's* death, in the deceased himself, which is a disposition impossible in its terms, and therefore illegal and void.

It is also alleged in this opposition that the legacies contained in the will to *Charles A. Jacobs*, to *Lynch* and *Jacobs*, and to *George Lynch*, are illegal and void, being disguised donations in trust, for a concubine of the deceased.

We agree with the Judge of the District Court, that this last mentioned ground of opposition is not properly a subject of opposition to this account. It goes in fact to annul the will, and as such should be the subject of a separate and direct action against all the parties interested in maintaining the will, or who are in possession of the property devised by said will.

Upon the ground of the non-existence of the three legatees described in the will as the children of *Charles A. Jacobs*, no evidence exists in the record, nor, (so far as the record informs us,) was any evidence offered upon the subject.

The legacy of the rent of a house in St. Thomas street to the testator's sister, during her life, and of the house itself to *George Lynch* after her death, is regarded by us as the legacy of the usufruct to one, and of the naked ownership to another; which is allowed by law. C. C. 532, 1509.

The charges contained in the account were proved.

The judgments of the District Court appealed from are therefore amended, by reserving to the appellants their right to sue for the revocation of the will of *John B. Barker;* and with this amendment are affirmed; costs of the first of these appeals (No. 3321,) to be paid by the appellants, and those of the second appeal (No. 3496,) by the appellees.