The opinion of the court was delivered by
Parlange, J.
The nephews and nieces of the decedent, claiming to be his legal heirs, have brought this action to have decedent’s, last will and testament declared null and void on the alleged ground that it contains prohibited trusts, substitutions and fidei commissa.
The disposing part of the will reads as follows:
“I do give and bequeath after my death, unto my said wife, theusufruct or life enjoyment of all my property, real, .personal or mixed, which I may die possessed of, and my will is that after the death of my said wife the naked ownership shall revert, and I do give and bequeath unto her nephew, John W. Taylor, for the benefit of his six children, a resident of London, England, said property.”
After trial, the lower court rendered judgment dismissing the action, and plaintiffs thereupon appealed.
We are first to ascertain the testator’s intention, and then to determine whether that intention clashes with any provision of law.
The will evidences plainly an intention on the part of the testator to dispose by it of his whole property. He bequeaths to his wife the usufruct or life enjoyment of all his property. He gives her nothing beyond this. To John W. Taylor, his wife’s nephew, for the benefit-of his children, he bequeaths said property. By no reasonable inference can we reach the conclusion that the testator did not by the will dispose of the naked ownership during his wife’s lifetime, to Taylor’s children. He certainly did not bequeath the naked ownership to his wife during her lifetime, for the will is express as to what he bequeaths to her, to-wit: “The usufruct or life enjoyment.”' The will is clear as to his not bequeathing the naked ownership to his wife, and it contains no indication whatever of a desire to withhold the naked ownership from Taylor’s children during the wife’s- *1394 life. What object could he have had for so withholding it? On the ■contrary he says explicitly that he gives and bequeaths — not that he will give and bequeath — said property to Taylor’s children, subject, ■of course, to the life usufruct he had just established in favor of his wife.
It is evident that the testator intended to and did bequeath the usufruct of the property to his wife for her lifetime, and the naked ownership, from the moment of his death, to Taylor’s children. ‘The words “and my will is that after the death of my said wife the naked ownership shall revert” in no manner impede us in reaching the above conclusion. They were evidently used by the testator without a full import of their meaning, and it is plain that they do not serve him, as he intended that they should, to further exprejs the parpóse which the context shows him to have had.
The intention of the testator is clear and his purpose was lawful. The will is valid. 4 Rob. 409, 3 An. 144, 10 An. 28 and 352, 3 An. 406, 38 An. 510, 44 An. 591.
It is therefore ordered that the judgment appealed from be and the same is hereby affirmed at appellants’ costs.