(72 South. 450)

No. 20982.

## Succession of McDUFFIE.

(June 30, 1916.)

*(Syllabus by the. Court.)*

1. WILLS ⬅—618 — CONSTRUCTION — BEQUEST FOR LIFE.

The doctrine that a bequest of property to a donee during his life is a donation of the usufruct is too well settled in the jurisprudence of this state for further controversy.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1436; Dec. Dig. ⬅—618.]

2. PERPETUITIES ⬅—4(19) — SUBSTITUTION — VALIDITY.

A disposition inter· vivos or mortis causa, by which the usufruct is given to one and the naked ownership to another, is not a prohibited substitution. Civ. Code, arts. 1520–1522.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 38; Dec. Dig. ⬅—4(19).]

O'Niell, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

In the matter of the Succession of Minerva J. McDuffie. From a decree admitting the will of decedent to probate, George W. McDuffie appeals. Affirmed.

Andrew D. Keeney and Edward Barnett, both of Shreveport, for appellant. Thigpen & Herold and Elias Goldstein, all of Shreveport, for appellee.

LAND, J. Mrs. Minerva J. McDuffie, wife of George W. McDuffie, died leaving a last will and testament, the dispositions of which read as follows:

"Know all persons by these writings that I, Minerva J. McDuffie, wife of Geo. W. McDuffie, being in my right mind and of my own free will, do will and bequeath to Geo. W. McDuffie, my husband, my undivided half interest in and all our real estate, owned by said Geo. W. McDuffie and wife, Minerva J. McDuffie; to have and to hold during his natural life, at his death this same interest I will and bequeath to my niece, Mrs. Minerva E. Calhoun, to have and to hold as her permanent property, her husband, W. Ralph Calhoun, to have no control in any way."

This will was duly probated by a decree of date March 11, 1914. On November 5, 1914, Geo. W. McDuffie, the surviving husband and presumptive heir of the decedent, appealed from said decree.

The appellant has filed no assignment of errors in this court, but his brief sets forth his legal objections to the testament, as follows:

"Our contention is that this will attempts a substitution which is prohibited by the laws of Louisiana. The effect of the will as carried out would be to give the entire property to Mr. McDuffie until the time of his death; when the same property would have to be delivered under the will to Mrs. Calhoun. In the interim * * * the legal title would be really in no one. Mr. McDuffie could not give a title to this property for the reason that it would be subject to be defeated upon his death; and Mrs. Calhoun could give no title because, in the event of her death before Mr. McDuffie, the title would never vest in her."

[1, 2] No useful purpose would be subserved by discussing, as res nova, the question whether a bequest of property for the life of the donee is a donation of the usufruct, or of a life estate. The jurisprudence on this subject was reviewed by this court in the recent case of Rice et al. v. Key et al., 138 La. 483, 70 South. 483; and the court, referring to the cases of Roy v. Latiolas, 5 La. Ann. 552, Succession of Weller, 107 La. 466, 31 South. 883, and Succession of Verneuille, 120 La. Ann. 605, 45 South. 520, said:

"Moreover, the doctrine that a bequest of property for life is, in this state, a donation of the usufruct has been thrice held by this court. The rule of stare decisis is applicable."

Judgment affirmed.

See dissenting opinion of O'NIELL, J., 72 South. 450.