LAND, J.
 

 The testator left a last will and testament in which he made the following dispositions:
 

 “2. J give and bequeath to my adopted niece, Nettie Hunter, residing at Ottawa, Canada, for her use and benefit during her natural life, that certain house belonging to me, and situated on Canal street, in the city of New Orleans, Louisiana. Upon her death, I direct that said property be sold and the purchase priee be paid to that organization known as ‘Little Sisters of the Poor,’ to be divided equally between the uptown and downtown work of said society.
 

 “3. I direct that my house on Claiborne street, in the city of New Orleans, Louisiana, be sold at the earliest possible date, and that the proceeds be deposited in the Hibernia Bank & Trust Company of New Orleans, and that the funds so deposited and derived from the sale of my Claiborne street property be used in defraying the expenses of any necessary repairs to the house on Canal street which I have devised to my adopted niece, Nettie Hunter, and in the payment of taxes on said Canal street property, or in any other rightful or legal charges or burdens against the same.”
 

 After making additional special legacies, including one to Ethel Duffy of New Orleans in the sum of $300, the testator declares that—
 

 “all the remainder and residue of my estate, of - whatever kind, and wherever situated, I give, devise, and bequeath to John T. Gibbons of New Orleans, Louisiana,” etc.
 

 The final account filed by the executor, the Hibernia Bank & Trust Company, shows “Net proceeds sale Claiborne street property, $3,-245.96.”
 

 The following statement is also made at the foot of the account:
 

 “The balance of the cash on hand is insufficient to pay the respective -legatees under the will, and the real estate unsold (Canal street house) has a usufruct imposed which precludes its sale. The executor proposes to pay the legatees in such ratio as may be decreed by the court upon its interpretation of the will as well as such inheritance taxes as may be found by the court.”
 

 The special legatee, Ethel Duffy, opposed the final account of the executor as indefinite and conjectural, in that it fails to state whether the bequests of the two pieces of real estate are recognized as valid, and what action the executor proposes to take in reference to the same.
 

 Opponent attacks the legality of the disposition of either of the pieces of real estate, on the grounds that it is too vague'and indefinite to he susceptible of interpretation or execution; that the bequest to Nettie Hunter of. the Canal street property is void because it is a substitution; that it does not give the usufruct to Nettie Hunter; that it does not dispose of the naked ownership in any manner, thus making the entire bequest illegal; and that no direction is made as to how and by whom the property shall be sold.
 

 Opponent also contends that the disposition of the Claiborne street property is void for indefiniteness; that it fails to state what repairs shall he made or taxes paid; and that it is further void because it requires the continuance in office of the executor for an indeterminate period, and delegates to- him the faculty of deciding what taxes and repairs shall be paid for.
 

 The trial judge rendered judgment, sustaining the opposition of Ethel Duffy, annulling clauses 2 and 3 of the will, ordering the executor to distribute the funds on hand in accordance with the account filed and the terms of the will as amended by the judgment, and authorizing the executor, in the event that the funds on hand be found in
 
 *495
 
 sufficient to discharge the special legacies, to sell'the Canal street property and to distribute the proceeds thereof accordingly.
 

 1. It is conceded that under our Code a testator may give the usufruct to one legatee and the naked ownership of the property to another.
 

 However, the decedent has not attempted to make such disposition of his estate in the instant case.
 

 If the devise to his adopted niece be construed as a usufruct during the term of her natural life, the testator has failed to be-' queath, during the lifetime of the usufructuary, the naked ownership of this property to any one of the legatees named in his last will, and the title to’ the Canal street house is left in nubibus, under our law, and undisposed of by the testator prior to the death of the legatee; while, under the common law, the property itself is held in trust by the executor, the Hibernia Bank & Trust Company, during the life of the usufructuary, to be sold by the trustee at her death, and the price to be then paid by said trustee to the Little Sisters of the Poor. ,
 

 It is clear also that the disposition in said will, directing the sale of the Claiborne street house and the deposit^ of the fund in the hands of the executor, the Hibernia Bank & Trust Company, to be expended for the payment of taxes and necessary repairs on the Canal street property, creates a trust fund with no owner, under our law, of the property designated, and necessitates an indefinite administration of said fund by the executor or trustee.
 

 In the Succession of Herber, 128 La. 111, 54 So. 579, and Succession of Pleasants, 130 La. 267, 57 So. 923, this court had under consideration testamentary dispositions similar to those now before us, and held that the dispositions attempted to be made in the ca-ses cited were void, as creating a fidei commissum or tenure of property, prohibited by or unknown to our system of law, and as extending the authority of the executor and the term of his administration beyond the limits prescribed by our law.
 

 In the Succession of Ledbetter, 147 La. 771, 85 So. 908, we held that, when the testator gives the usufruct to one person and the naked ownership to another, the title to the property itself, as well as the usufruct, is transmitted immediately at the death of the deceased; but that the giving of property to one during his life and at his death to another is not the giving of usufruct to one and the naked ownership of property to the other,, and that such a devise is null and void under articles 1520 and 1522 of" the Revised Civil Code; the first of these articles prohibiting substitutions and fidei commissa, and the second allowing dispositions mortis causa by which the usufruct is given to one and the-naked ownership to another. To hold otherwise would necessitate our elimination from the Code of the articles prohibiting substitutions and fidei commissa.
 

 In Marshall v. Pearce, 34 La. Ann. 557, the court said:
 

 “The simplest test of the substitution pro-, liibited by our law is that it vests the property in one person, at the death of the donor,. * * * and, at the death of such person, vests, the same property in another person, who takes the same directly from the testator; but by a title which only springs into existence on the death of the first donee.
 

 “Such a disposition destroys the power of' alienation of the property by the first donee, because he is bound to hold it until his death, in order that the person then called to the title may take it. At the same time, no power of alienation exists in the second donee during the life of the first, because his title only comes into being at the death of the latter.”
 

 See, also, Succession of Hall, 141 La. 865, 75 So. 802.
 

 It is manifest, therefore,-that the adopted niece of the testator, the first legatee, could not alienate the Canal street property, under the terms of the legacy, such bequest being
 
 *497
 
 a common-law life estate, in a will executed in the state of California, as this property was devised at her death, to the Little Sisters of the Poor, who were likewise without power of alienation during the lifetime of the first legatee, as the title of the second or substituted legatee comes into being only at the death of the first legatee, and not at the death of the testator.
 

 The effect of this disposition is to entail the property bequeathed and to take it out of commerce.
 

 It is'also equally clear that the first and second legatees take title directly from the testator in this ease.
 

 As was said by Mr. Justice Slidell in Henderson v. Rost, 5 La. Ann. 461:
 

 “It is said that the provisions of the will do not amount in law to
 
 k
 
 substitution or fidei commissum, and consequently are not reprobated by law.
 

 “Conceding that they do not fall technically under either of these denominations, still they are clearly opposed to the policy of our laws and jurisprudence, which resists the perpetuation of estates. Their spirit is to prevent property from being tied up for a length of time in the hands of individuals, and placed out of the reach of commerce.”
 

 Where the testator, in pursuance of law, gives the usufruct to one legatee, and the naked ownership to another, at his death, the naked ownership and the usufruct vest in the respective legatees, and decedent no longer can exercise any dominion over the property under the will. The legatees may' be recognized, each in accordance with his individual rights, and the usufructuary may be placed in possession, without unusual or unreasonable delay.
 

 The legatees are also at liberty to sell, each to the other, his interest in or to the property.
 

 No trust estate and no substitution by the testator is possible in such case. The tenure of the property is then in harmony with our own laws, which do not permit or sanction the placing in the hands of an executor of a trust estate, subject to a life usufruct, to be by him disposed of, possibly years after the death of the testator, under the belated directions of a last will and testament. Such tenure of property and prolongation of administration of estates are abhorrent to our established system of law, and cannot be recognized by the courts of the state.
 

 •The bequest of the Canal street house to Nettie Hunter and the disposition in the will as to the Claiborne street house are therefore null and void.
 

 As the will involves a substitution, the devise in favor of the Little Sisters of the Poor is avoided. Wailes v. Daniel, 14 La. Ann. 578; Anderson v. Pike, 29 La. Ann. 120; Succession of Weller, 107 La. 469, 470, 31 So. 883.
 

 Judgment affirmed.
 

 ST. PAUL and THOMPSON, JJ., dissent.