For the reasons assigned, the judgment appealed from is affirmed.

---

(112 So. 301)

No. 27873.

### Succession of HEFT.

Jan. 31, 1927.  Rehearing Denied March 28, 1927.

*(Syllabus by Editorial Staff.)*

1. **Perpetuities** ⊚⟿4(19)—**For testament to convey usufruct to one and ownership to another, title and usufruct must be transmitted at testator's death (Civ. Code, art. 1522).**

In order that testament may convey usufruct of property to one legatee and ownership to another as expressly permitted by Civ. Code, art. 1522, title of property to the one and usufruct to the other must be transmitted directly from testator, and invest title in one and usufruct in the other immediately at testator's death.

2. **Perpetuities** ⊚⟿4(19)—**Bequest to legatee in trust to be transmitted by him to another is fidei commissum (Civ. Code, arts. 1519, 1520).**

Bequest of property in trust to one legatee to be by him transmitted to another is · fidei commissum, which is forbidden by Civ. Code, arts. 1519, 1520.

3. **Wills** ⊚⟿585(1)—**Bequest with stipulation that property at legatee's death shall belong to another named legatee is prohibited substitution (Civ. Code, arts. 1519, 1520).**

Bequest of property to one legatee with stipulation and on condition that at his death and without any act of conveyance from him it shall belong to another legatee named in will is prohibited substitution, forbidden by Civ. Code, arts. 1519, 1520.

4. **Perpetuities** ⊚⟿4(19)—**Bequest "to enjoy with interest" with provision for distribution of remainder at legatee's death was not gift of usufruct only.**

Bequest to sister "to enjoy with interest thereof" with provision for distribution of "whatever may be left" to others, including· charitable institutions, after sister's death, was not gift of usufruct of estate only, where estate consisted mainly of stock in homestead associations on which dividends were accumulating.

Appeal from Civil District Court, Parish of Orleans; William H. Byrnes, Jr., Judge.

Succession of Apolonio Heft. Suit by Philippina Barbara Heft to be recognized as the universal legatee against the Bethlehem Evangelical Lutheran Orphan Asylum and others. Judgment for plaintiff, and named defendant and another appeal. Affirmed.

Suthon, Zengel & Daigle, of New Orleans, for appellant Bethlehem Evangelical Lutheran Orphan Asylum.

Spearing & Mabry, of New Orleans, for appellant *Protestant Episcopal Children's Home.*

Howell Carter, Jr., and F. B. Freeland, both of New Orleans, for appellee.

O'NIELL, C. J. Miss Apolonio Heft died leaving an olographic will, as follows:

New Orleans, July 31, 1920.

"Will of Apolonio Heft.

"Being of sound mind, I make this my only will. Should I die before my only living sister P. Barbara Heft, I desire that all that I die possessed of, jewelry, clothing, investments, money in bank, or otherwise invested, to go to my only sister P. Barbara Heft to enjoy with interest thereof during her lifetime, after her death whatever may be left to be divided in three (3) equal parts (⅓) one third thereof to be equally divided between my then living brothers, in case of death of either one, his share to be equally divided between his then living children (⅓) one third to be equally divided between my then living nieces & nephews, descendants of my three (3) brothers John F. Wm. & Justin W. Heft. (⅓) one third to be equally divided between Bethlehem Orphan Asy. No. 5413 N. Peters St. & Childrens Home P. Episcopal No. 609 Jackson Ave.

"Any jewelry remaining after my sister's death to be sold to highest bidder & money to be added to bulk to be evenly divided, so as to cause no jealous feelings, any clothes of mine should be given to the Protestant home for aged & infirm No. 5919 Magazine St. Written & signed by my own hand.

"July 31, 1920.    [Signed] Apolonio Heft."

The will was duly probated, and the sister, Philippina Barbara Heft, sued to be recognized as the universal legatee of the deceased. She contends that that part of the will which directs that, after her death, whatever may be left of the estate shall be divided among the other legatees named in the will, is only a precatory recommendation, or, if anything else, is an illegal condition, and according to article 1519 of the Civil Code, must be regarded as not written. All of the heirs at law of the deceased, and the two institutions named in the will, namely, the Bethlehem Evangelical Lutheran Orphan Asylum and the Protestant Episcopal Children's Home, were cited as defendants in the suit. The heirs of the deceased, in their answer, made no serious defense, but prayed that, if the court should decide that the provisions of the will attempting to dispose of the estate after the death of Philippina Barbara Heft were invalid, and if she was entitled to only the usufruct of the estate, then that they, the defendants, should be recognized as coheirs wih Philippina Barbara Heft. The Bethlehem Orphan Asylum and the Episcopal Children's Home, answering the suit, contended that the language of the will was such as to convey only the usufruct of the estate to Philippina Barbara Heft, and the ownership of a third of the estate to the defendants, one-half to each institution. The court gave judgment in favor of the plaintiff and the two institutions have appealed. The heirs of the deceased did not appeal.

The appellants do not contend that the will contains a prohibited substitution, for they seem to believe that, if it did, it would be null, according to article 1520 of the Civil Code, and the appellants have no interest in annulling it. The heirs at law are the only parties who have an interest in the question of validity of the will; and, as they did not question it, and have acquiesced in the judgment pronouncing it valid, the only question submitted for decision is whether the disposition in favor of Philippina Barbara Heft gave her the estate itself or only the usufruct.

[1-3] It is well settled that a testamentary disposition containing the stipulation that at the death of the legatee the property shall go to another legatee named in the will is not the same thing as the giving of the usufruct to the one and the ownership of the property to the other legatee. Marshall v. Pearce, 34 La. Ann. 561; Succession of Ledbetter, 147 La. 771, 85 So. 908; Succession of Hunter, 159 La. 492, 105 So. 596. In order that a testament may convey the usufruct of property to one legatee and the ownership of it to another, the title to the property itself to the one legatee, as well as the usufruct to the other legatee, must be transmitted directly from the testator and invest the title in the one legatee and the usufruct in the other immediately at the death of the testator. Marshall

v. Pearce, 34 La. Ann. 561; Succession of Auld, 44 La. Ann. 591, 10 So. 877; Benson v. Cosine, 44 La. Ann. 914, 11 So. 459; Succession of Stephens, 45 La. Ann. 964, 13 So. 197; In re Billis' Will, 122 La. 543, 47 So. 884, 129 Am. St. Rep. 355; Succession of Hall, 141 La. 860, 75 So. 802. A bequest of property in trust to one legatee to be by him transmitted to another is a fidei commissum. Dufour v. Deresheid, 110 La. 344, 34 So. 469; Succession of Reilly, 136 La. 347, 67 So. 27; Succession of Percival, 137 La. 203, 68 So. 409; Succession of Hall, 141 La. 860, 75 So. 802. A bequest of property to one legatee with the stipulation and on the condition that at his death and without any act of conveyance from him it shall belong to another legatee named in the will is a prohibited substitution. Marshall v. Pearce, 34 La. Ann. 561; Succession of Ledbetter, 147 La. 771, 85 So. 908; Succession of Hunter, 159 La. 492, 105 So. 596. Fidei commissa and prohibited substitutions —forbidden by article 1520 of the Civil Code —are essentially different from the giving of the usufruct to one legatee and the ownership to another, which is expressly permitted by article 1522 of the Civil Code.

[4] All that the court has to decide in cases like this is whether the testator expressed in his will the intention to give the property itself or only the usufruct to the first legatee. We agree with the judge of the civil district court that the intention expressed in this will was to give to the sister of the testatrix, not merely the usufruct of the estate, but the estate itself, with the wish—or bequest if you will—that whatever might be left of it in the possession of the legatee at the latter's death should go to the other persons and the two institutions named in the will. We construe the expression, "After her death whatever may be left to be divided in three (3) equal parts," etc., to mean that the sister might dispose of any or all of the property during her lifetime if she saw fit; which means that the property was given to her in full ownership with the request that she should distribute as directed whatever she might have of it at her death. The expression in the will, "To enjoy with interest thereof," did not express the intention to give only the usufruct of the estate, but is explained by the fact that the estate, which was appraised at $12,742.59, consisted mainly of stock in homestead associations, on which dividends were accumulating. The homestead stock was appraised at $12,532.92, and the balance of the estate consisted of Liberty bonds appraised at $101.07, New Orleans Brewing Company stock appraised at $13.60, and jewelry appraised at $95. The last paragraph of the will, directing the disposition to be made of the clothing and any of the jewelry remaining after the legatee's death—all of which were bequeathed to her in the first part of the will—shows that there was no intention to give only the usufruct of the property to the legatee.

The appellants have not invoked the Act 124 of 1882, p. 172, or the Act 72 of 1918, p. 108, encouraging donations to charitable institutions, allowing donations either inter vivos or mortis causa to be made in trust for such institutions or for such purposes, and exempting them from the laws forbidding substitutions and fidei commissa. Perhaps the appellants are confident that the legatee in this case will, at her death, carry out the wishes expressed in the will of her deceased sister. The decision in this case, therefore, is merely that the bequest to Miss Philippina Barbara Heft was not a gift of only the usufruct of the estate.

The judgment is affirmed.

ST. PAUL, J., concurs in the decree.