LANE, J.
 

 E. F. Williams died in tbe parish of Bienville in January, 1924, without ascendants or descendants, and left in that parish a small estate, consisting of personal and real property.
 

 Believing that her husband had died intestate, Mrs. Mary A. Williams was recognized as his surviving widow in community and sole heir, accepted his succession unconditionally, and was sent into possession.
 

 Thereafter Mrs. Lillian Williams Stone, a niece of decedent, presented to the lower court a last will and testament of E. F. Williams, of date November 17,1906, and prayed that it be probated and executed.
 

 Mrs. Mary A. Williams then opposed the probate and execution of the will on the following grounds:
 

 (a) That the will is not drawn in olographic form as required by law.
 

 (b) That the will is not entirely written, dated, and signed by the testator.
 

 (c) That the will contains a substitution and fidei commissum.
 

 From a judgment sustaining the opposition of Mrs. Mary A. Williams to the probate and execution of the will, the proponent, Mrs. Lillian Williams Stone, has appealed.
 

 The will under contest reads as follows: “State of Louisiana, Parish of Natchitoches.
 

 “I, E. F. Williams, being in good health and sound mind and knowing the uncertainty of life and the certainty of death and wishing while in this state of good mind and good health, wish to make a disposition of my belongings to suit myself and that there shall be no dispute or lawsuit over what I leave at my death, I, E. F. Williams, do
 
 give and bequeath unto Mary A. Williams, my beloved wife, for her use and benefit all the property both personal and real
 
 to use for the period of her natural life
 
 and at her death everything shall belong to Lillian R. Williams, my niece,
 
 and shall have the right to take it into her possession and keep and use as she pleases without any legal proceedings it will hers. This November 17, 1906.
 

 “Eavid F. Williams.”
 

 (Italics ours.)
 

 The legatee, Mrs. Lillian Williams Stone, contends that the will gives the usufruct to Mrs. Mary A. Williams, the wife of the testator, and the ownership to her, the proponent.
 

 It is plainly stated in the will that the testator
 
 gives and bequeaths to his wife all the property, both personal and real, for her use and benefit for the period of her natural life.
 

 It is clear that the intention of the testator was to. convey the title of the property, as well as the usufruct, to his wife for the term of her natural life, and that it was only
 
 “at the death”
 
 of his wife that the ownership should vest in the legatee, Lillian B. Williams, the niece of the testator.
 

 In the Succession of Heft, 163 La. 470, 112 So. 301, 302, it is held that: “In order that a testament may convey the usufruct of property to one legatee and the ownership of it to another, the title to the property itself to the one legatee as well as the usufruct to the other legatee, must be transmitted
 
 directly from the testator
 
 and invest the title in the one legatee and the usufruct in the other
 
 immediately at the death of the testator.
 
 Marshall v. Pearce, 34 La. Ann. 561; Succession of Auld, 44 La. Ann. 591, 10 So. 877; Benson v. Cozine, 44 La. Ann. 914, 11 So. 459; Succession of Stephens, 45 La. Ann. 964,
 
 *699
 
 13 So. 197; In re Billis’ Will, 122 La. 543, 47 So. 884, 129 Am. St. Rep. 355; Succession of Hall, 141 La. 860, 75 So. 802."
 

 It is also held in the Succession of Heft, at page 471 of 163 La., 112 So. 302, that:
 

 “A bequest of property to one legatee with the stipulation and on the condition that at his death and without any act of conveyance from him it shall belong to another legatee named in the will is a prohibited substitution. Marshall v. Pearce, 34 La. Ann. 561; Succession of Ledbetter, 147 La. 771, 85 So. 908; Succession of Hunter, 159 La. 492, 105 So. 596.
 

 “Pidei commissa and prohibited substitutions — forbidden by article 1520 of the Civil Code — are essentially different from the giving of the uspfruet to one legatee and the ownership to another, which is expressly permitted by article 1522 of the Civil Code.”
 

 Our conclusion is that the last will and testament of D. P. Williams contains a prohibited substitution and is null and void. Rev. Civ. Code, art. 1520.
 

 We do not find it necessary to pass upon the other issues raised in the attach made on the will.
 

 Judgment affirmed.
 

 O’NIBLL, C. J., absent.