*638
 
 ODOM, Justice.
 

 Mrs. Emma Blossom, widow of William M. Baker, died in New Orleans on September 9, 1938, survived by neither children nor parents. She executed the following instrument as her last will:
 

 “New Orleans, La.
 

 “Feb. 18 — 1930.
 

 “I give and bequeath to Annie Baker, my adopted daughter, now at Elwyn Pa., the usufruct of my property — and at her death I wish this property to be equally divided between Evelyn B. Kern of Toledo Ohio — and George D. Marshall of Shreveport, Louisiana. This is wholly written and signed and dated by me.
 

 (Signed) “Emma H. Baker.”
 

 George D. Marshall’s death occurred prior to that of the testatrix, and the will was probated on the application of Evelyn B. Kern, the other legatee. The Hibernia National Bank was appointed dative testamentary executor.
 

 The present proceeding was brought by Annie Baker, the adopted daughter of the testatrix, to have the will set aside. She alleged that the will is illegal, null, and void for the reason that it contains a substitution reprobated by law; that decedent failed to give the usufruct to one legatee and the naked ownership to another at her death; and that under the terms of the will no property is inherited by the substituted legatees, Evelyn B. Kern and George D. Marshall, until the death of Annie Baker; that the title of Evelyn B. Kern and George D. Marshall, if any they acquired under the will, only comes into being at the death of Annie Baker and is therefore a disposition contrary to the laws of the State of Louisiana.
 

 Annie Baker, the adopted daughter, made an alternative plea that, in case the court should hold that the will was not null and void, the bequest to Evelyn B. Kern and George D. Marshall exceeded the disposable portion of deceased’s estate; that, as the adopted daughter of the decedent, she was entitled to one-third of the estate by inheritance and that, as the presumptive heir of decedent, she was entitled to that portion of the estate which was bequeathed to George D. Marshall, who died prior to the date of the death of the deceased.
 

 Evelyn B. Kern, the legatee, and the bank, as dative testamentary executor, were made parties. They answered, denying that the will- was invalid, and prayed that it be maintained and that all demands made by plaintiff be rejected. There was judgment decreeing that the will was null and void, and defendants appealed.
 

 We find no merit in the contention that the will contains a prohibited substitution. In the case of Marshall v. Pearce, 34 La.Ann. 557, this court speaking through Justice Fenner, its organ, said: “The simplest, test of the substitution prohibited by our law, is that it vests the property in one person, at the death of the donor, (in case of testaments) and, at the death of such person, vests the same property in another person, who takes the same directly from the testator, but by a title which only springs into exis
 
 *640
 
 tence on the death of the first donee. Such a disposition destroys the power of alienation of the property by the first .donee, because he is bound to hold it until his death, in order that the person then called to the title may take it. At the same time, no power of alienation exists in the second donee during the life of the first, because his title only comes into being at the death of the latter.”
 

 This “test” has been reiterated, in language of similar import over and over again by this court and may be regarded as an explanation of the provisions of Article 1520 of the Revised Civil Code, which says: “Every disposition by which the donee, the heir, or legatee is charged to preserve for or to return a thing to a third person is null, even with regard to the donee, the instituted heir or the legatee.”
 

 The will here involved does not vest the property of the testatrix in Annie Baker, the adopted daughter, at the death of the donor and at the death of Annie Baker vest the same property in Evelyn B. Kern and George D. Marshall. It bequeathes to Annie Baker, not the ownership of the property itself, but the usufruct of it. The naked ownership of the property is vested in the named legatees. This is permissible under Article 1522 of the Code, which provides that the usufruct may be given to one and the naked ownership to another.
 

 The leading cases cited in support of the ruling that this will is null are Succession of Ledbetter, 147 La. 771, 85 So. 908; Succession of Hunter, 159 La. 492, 105 So. 596; Succession of Heft, 163 La. 467, 112 So. 301, and Succession of Williams, 169 La. 696, 125 So. 858. Each of these cases is distinguishable from the one at bar, and none supports the argument that Mrs. Baker’s will contains a prohibited substitution.
 

 In the Ledbetter case, the testator bequeathed to his wife the use of a certain dwelling in the City of Shreveport, with its contents, 'and further provided: “After complying with the above condition, I wish my son, Dr. Wiltz M. Ledbetter, to have the half of the remaining part of my estate or the half of the revenues therefrom during his lifetime. But should he die without an heir or child, I wish his part of my estate to be paid or go to my present grandchildren.” [147 La. 771, 85 So. 909.]
 

 The main question involved in that case was whether the testator gave to his son the usufruct of the half of his property or whether by the terms of the will he bequeathed to his ,son the ownership of the property during his lifetime. In discussing the provisions of the will, the court said: “In the case before us, the language of the bequest leaves no doubt that the testator intended to give to Dr. Wiltz M. Ledbetter, not the usufruct of half of his estate, but the ownership, during his lifetime, of the same part of the estate which was to go to the testator’s grandchildren at the death of Dr. Wiltz M. Ledbetter.”
 

 The contention made by counsel in that case was that the provision of the will which gave to Dr. Wiltz M. Ledbetter
 
 *642
 
 “the half of the remaining part of my estate or the half of the revenues therefrom during his lifetime” was a bequest of the usufruct of the property, and was based upon the ruling of this court in two cases, Succession of McDuffie, 139 La. 910, 72 So. 450, and Rice et al. v. Key et al., 138 La. 483, 70 So. 483, in which cases it was held that a bequest of property for the life of a donee was a donation of a usufruct. In the Ledbetter case the court specifically overruled the McDuffie and the Rice v. Key cases, “in so far as they hold that the giving of property to one person during his life and at his death to another is the giving of the usufruct to one and the naked ownership of the property to the other legatee.”
 

 The ruling of the court was that, in as much as the giving of the property to Dr. Ledbetter during his life was a donation, not of the usufruct, but of the property itself, and because the same property was bequeathed to the testator’s grandchildren at the death of the son, the will contained a prohibited substitution.
 

 In Succession of Hunter, supra, the testator bequeathed to his adopted niece, “for her use and benefit during her natural life”, certain property situated on Canal Street in the City of New Orleans, and the will provided that “Upon her death, I direct that said property be sold and the purchase price be paid to that organization known as ‘Little Sisters of the Poor’ ”. The will was held to be invalid. The court, in commenting, said that it was conceded that, under the Revised Civil Code, Article 1522, a testator may give the usufruct to one legatee and the naked ownership of the property to another, but that the decedent had not attempted to make such disposition of his estate. The court said that, “If the devise to his adopted niece be construed as a usufruct during the term of her natural life, the testator has failed to bequeath, during the lifetime of the usufructuary, the naked ownership of this property to any one of the legatees named in his last will, and the title to the Canal street house is left in nubibus, under our law, and undisposed of by the testator prior to the death of the legatee”.
 

 In Succession of Heft, supra, the testatrix bequeathed to her sister all of her property “to enjoy with interest thereof during her lifetime, after her death what-J ever may be left to be divided in three (3) equal parts (1/3) one third thereof to, be equally divided between my then liv-! ing brothers”, etc. Citing Marshall v. Pearce, 34 La.Ann. 557, Succession of Ledbetter, and Succession of Hunter, su-i pra, the court held that a testamentary disposition containing “the stipulation that at the death of the legatee the property shall go to another legatee named in the will is not the same thing as the giving of the usufruct to the one and the own- . ership of the property to the other legatee”. The court held that, because the will gave the property to one person “during her lifetime” and to others after the death of the first named donee, it was void under Article 1520 of the Revised Civil Code, as containing a prohibited substitution.
 

 
 *644
 
 In Succession of Williams, supra, the testator bequeathed to his wife “for her use and benefit all the property both personal and real to use for the period of her natural life and at her death everything shall belong to Lillian R. Williams, my niece.” [169 La. 696, 125 So. 859.]
 

 The court held that the clear intention of the testator was to convey the title of the property as well as the usufruct to his wife for the • term of her natural life and that it was only at the death of the wife that the ownership should vest in the legatee. The court held that the will was void because' it contained a prohibited substitution.
 

 In those cases, the wills provided that the property should pass to one named legatee at the death of the testator and to another at the death of the first named legatee. Clearly these were substitutions prohibited by the Code.
 

 In the case at bar, the property itself was not bequeathed to the adopted daughter of the testatrix. The testatrix bequeathed to her the usufruct of the property and bequeathed the property itself to Evelyn B. Kern and George D. Marshall. Therefore, at the death of the testatrix the usufruct vested in one person and the naked ownership thereof in others. Such stipulations in a last will are valid under Article 1522 of the Code.
 

 It is argued by counsel for the adopted daughter, to whom the testatrix bequeathed the usufruct of the • property, that, in as much as the testatrix bequeathed to her the usufruct and stipulated that “at her death” it should be equally divided between Miss Kern and Mr. Marshall, the naked ownership did not vest in the named legatees until after the death of the usufructuary. They argue, therefore, that the property itself was left “in nubibus”, or undisposed of, by the testatrix prior to the death of the usufructuary, and that the will is invalid for that reason, if for no other. In support of this argument, they cite the cases of Succession of Heft,. Succession of Williams, supra, and others, holding that, in order that a testament may convey the usufruct to one person and the ownership to another, the title to the property itself, as well as the usufruct, must be transmitted directly from the testator and vested in the respective legatees “immediately at the death of the testator”.
 

 The argument of counsel for the adopted daughter that the naked ownership of the property in this case did not vest in the named legatees at the death of the testatrix is1 unsound. In fact, it is contrary to the jurisprudence. In Succession of Law, 31 La.Ann. 456, the testatrix bequeathed all her property to her husband “during his natural life”, and the will provided that “at his death, the half of my property or money [shall] go to” certain named legatees.
 

 The will was attacked on the ground that it contained a prohibited substitution. But the court held that the bequest to the husband was the usufruct of the property, and, speaking of the clause in the will that “at his death” the property should go to another, the court said: “We admit that the 'words used by the testatrix
 
 *646
 
 do not describe and convey — as fully as she could have described and conveyed 'them — her wishes and her intentions; but —from those words — only one inference can be drawn,- and it is
 
 that
 
 — at
 
 the death of the testatrix
 
 — her estate would pass to her preferred legatees, * * * subject to the usufruct bequeathed to her husband.”
 

 The phrase “at the death of the testatrix” is italicized in the text. That case is on all fours with the one now under consideration. The only difference is that in that case the testatrix bequeathed to her husband her property during his natural life, which the court held to be a bequest of the usufruct. In the instant case the testatrix bequeathed to her adopted daughter the usufruct of her property. In that case, as in this one, the will specified that, “at the death” of the person who was given the usufruct, the property itself should pass to another. In Succession of Law, supra, the court held that the naked ownership of the property passed to the legatees at the death of the testatrix.
 

 In Succession of Barker, 10 La.Ann. 28, the court said: “The legacy of the rent of a house in St. Thomas street to the testator’s sister, during her life, and of the house itself to George Lynch after her death, is regarded by us as the legacy of the usufruct to one, and of the naked ownership to another; which is allowed by law.”
 

 There are numerous cases holding that, where the usufruct of property is bequeathed to one person and another is to take it “at the- death” of the usufructuary, the will is valid. Succession of Ducloslange, 4 Rob. 409; Fisk v. Fisk, 3 La.Ann. 494; Succession of Auld, 44 La.Ann. 591, 10 So.
 
 877;
 
 Benson v. Cozine, Executor, 44 La.Ann. 913, 11 So. 459; Succession of Good, 45 La.Ann. 1392, 14 So. 252; Succession of Shaffer, 50 La.Ann. 601, 610, 23 So. 739.
 

 In Succession of Ward, 110 La. 75, 34 So. 135, 136, the court said: “In support of the contention that the estate vested at once in James B. and Mat Ward, the cases of Succession of Ducloslange, 4 Rob. 409; Succession of Barker, 10 La. Ann. 28; Succession of Law, 31 La.Ann. 456; Roy v. Latiolas, 5 La.Ann. [552], 553 — are cited, in which a testamentary disposition giving the usufruct to one person, and at the death of that person the property to another, was held to vest the naked ownership of the property at once in the second donee.”
 

 The court, however, distinguished the Ward case from those mentioned in the above quotation but conceded that it was held in those cases that, where a testator bequeathed the usufruct of his property to one person and, at the death of that person, the property to another, the naked ownership of the property vested in the second donee immediately .upon the death of the testator. That is precisely what is held in the cases, of Succession of Good and Benson v. Executor, supra.
 

 .The theory in these cases is that the testator intended to do, with his property that which the law allows, which is that the usufruct may be bequeathed to one person and the: naked ownership to an
 
 *648
 
 other, each of the legatees to be vested with title at the moment of his death.
 

 No cases are cited holding that last wills couched in language similar to that contained in the will here under consideration are . invalid, and, after a most exhaustive review of the jurisprudence, we have been unable to find any.
 

 We therefore hold that the will of Mrs. Baker is valid.
 

 Annie Baker, being the legally adopted daughter of the testatrix, is a ,forced heir and therefore is entitled to lone-third of the succession, under Article •' 1493 of the Revised Civil Code, which provides that donations inter vivos or mortis causa cannot exceed two-thirds of the property of the disposer if he leaves at his death a legitimate child. The adoption of Annie Baker 'conferred upon her the status of a legal child so far as inheritance is concerned.
 

 Under the ruling in Succession of Wilcox, 165 La. 803, 116 So. 192, and Succession of Maus, 177 La. 822, 149 So. 466, Evelyn' B. Kern and George D. Marshall were conjoint legatees, and, as George D. Marshall died prior to the date of the death of the testatrix, the bequest to him lapsed, under Article 1697 of the Civil' Code, and goes to Miss Kern, the other legatee.
 

 For the reasons assigned, the judgment decreeing the last will and testament of Mrs. Emma Blossom, widow of William M. Baker, null and void, is reversed, and it is decréed that the will is valid. It is further decreed that Annie Baker, the adopted daughter of the testatrix, is entitled to one-third of the succession and that Evelyn B. Kern is entitled to the naked ownership of the remaining two-thirds; appellee to pay costs.