DOMENGEAUX, Judge.
This is a suit to have the olographic; will of Woodrow P. Morgan declared null and invalid, brought by his widow, Evelyn Dunn Bryan, and his brother, Robert P. (L.) Morgan. Named defendants are Johnny C. Morgan, and Anna Mae Dunn as administrate of the estate of her minor child, Randy P. Dunn.
The trial court rendered judgment in favor of petitioners, declaring the purported olographic testament of Woodrow P. Morgan to be null, void, and of no legal effect. Defendants appealed that judgment to this court, specifying as error the trial court’s finding of invalidity of the will.
The testament in question deals with two tracts of land, one called the “home Land” and the second termed simply the “Ford”. It was stipulated by counsel for both sides that the home Land referred to was the separate property of the testator, and that the “Ford” land was part of the community property of the testator and his wife. It was also stipulated that the form of the will was valid.
The will was obviously prepared by the testator without the assistance of an attorney, and is quoted as follows:
“ Feb 14 — 1966
I W P Morgan make my Last Will
I will to Johny C Morgan my home Land at my W P Morgan and Evelyn Morgan Death this Land is not to Be Sold only By Johny C Morgan only after my and her Death
the Ford I will to Randy P Dunn after W P Morgan and Evelyn Morgan Death and this Land is not to Be sold only By Randy P Dunn at the age off 18 years
By W P Morgan ”
Even the most cursory examination of the testament makes it clear that both of the dispositions therein made are tainted by prohibited substitutions. In the first the testator’s “home Land” is willed to Johnny C. Morgan “at” his and his wife’s death. In the second the “Ford” land is willed to Randy P. Dunn “after” the death of himself and his wife. In both cases the lands devised may be sold only by the ultimate legatees and they gain ownership thereof only when the testator’s wife is also dead. This is an undisguised attempt on the testator’s part to make a will for his widow, who presumably would hold the land until her death. Thus the widow is the immediate donee, but she is incapacitated from disposing of the property, either during her lifetime or by donation mortis causa. In the case of In Re Succession of Abraham, 136 So.2d 471, this Court had occasion to consider La.Civil Code Article 1520, which prohibits substitutions in testaments, and wrote as follows:
The essential elements of a substitution are that the immediate donee is obliged to keep the title of the legacy inalienable during his lifetime, to be transmitted at his death to a third person designated by the original donor or testator. If permitted, the effect of a substitution would be to tie up the title and keep it out of commerce during the lifetime of the first donee, during which time neither he nor the person designated to receive the title at the donee’s death could alienate it.
The wording of the testator’s will makes it plain that the legatees, Morgan and Dunn, were not to obtain any interest in the property until the death of the testator’s wife. Accordingly, we find no merit in appellants’ contention that the will created a usufruct in favor of the widow and vested the naked ownership of the lands in Morgan and Dunn. It has long been held by our Supreme Court that in order to convey the usufruct of property to one legatee and the naked ownership of it to another, *919 both interests must be transmitted directly from the testator and vested in the respective legatees immediately upon the testator’s death. Succession of Heft, 163 La. 467, 112 So. 301.
Finally, we reject appellants’ suggestion that the will created a trust under LSA R.S. 9:1753. That statute provides, in relevant part, that, “No particular language is required to create a trust, but it must clearly appear that the creation of a trust is intended.” (Emphasis ours). We find no evidence of such an intention in the instrument before us, let alone a “clear” indication thereof.
We find it distasteful to thwart the intentions of the testator and frustrate his last wishes by declaring the nullity of his testament. No choice is given us, however, by the mandates and prohibitions of our law. La.Civil Code, Articles 7, 12, 13, 1520.
For the above and foregoing reasons the judgment of the district court is affirmed at appellants costs in both courts.
Affirmed.