## No. 12,937.

### SUCCESSION OF BERNARD A. KERNAN.

### SYLLABUS.

Names cannot change substance.

In this State, the testamentary power must be exerted in subordination to the titles of ownership prescribed by the Code. Donations *inter vivos* or *mortis causa*, substitutions, *fidei commissa* and conditions, contrary to law, are prohibited by the Civil Code.

Where the title created by the will is a tenure not recognized by our Code, if the court were to change it and convert it into a valid title, it would be making a new will.

Succession of Kernan.

A PPEAL from the Civil District Court for the Parish of Orleans.
*King, J.*

*W. S. Parkerson* and *Bernard Bruenn* for Legal Heirs, Plaintiffs and Appellees.

*James David Coleman* for Archbishop Placidus L. Chapelle, Defendant and Appellant.

*Frank McGloin* for Executor, Appellant.

The opinion of the court was delivered by

Breaux, J. This appeal is by the executors of the deceased Bernard A. Kernan, from the judgment in favor of. the legal heirs of the deceased annulling the disposition of his will in favor of the Archbishop of the Diocese of Louisiana and his successors, of certain property, the revenues of which were directed by the testator to the founding and support of an asylum for the poor.

The legacy assailed is:

"Furthermore, in like manner and for the purposes hereinafter mentioned and described, I give, devise and bequeath to His Grace, Archbishop Janssens, now of this the diocese of Louisiana, and to His Grace's successors, in fee and forever, all my right and interest in and to the following properties in this city, and long known respectively as old numbers 43, 56, 58, 60, 153, and 243 N. Rampart street; the three properties likewise known as old numbers 119, 122 and 124 Royal street, the three double cottages likewise known as old numbers 149, 151, 169 and 169½, 171 and 171½ Hospital street (the latter lately known as the Bayou Road), the two double-story property known as old number 268 Dumaine street, the two-story and attic property known as old number 74 St. Peter street, and the three properties likewise known as old numbers 136, 258 and 262 Bourbon street, all of which last mentioned properties, I, as aforesaid, give, devise and bequeath in fee and forever to His Grace, the said Archbishop Janssens, and to his successors, upon condition that out of the revenues or rents thereof an asylum or home for the poor of both sexes shall be founded, endowed and maintained similar so far as possible, to that of St. Michael's, in the city of Rome, Italy".

The petition of the heirs bases their attack on the will on the

grounds; that it sought to create a *fidei commissum;* that the disposition proposed a prohibited substitution changing the rule of inheritance established by our law; that it instituted the Archbishop individually and his successors in office in their individual capacities as trustees to administer the property; that it vested in them no legal title; that it sought to inroduce a tenure unknown to our law and placed the property out of commerce, and, in all other respects, the petition charged the disposition was against public policy, within the prohibitions of our Code and hence void and of no effect. Civil Code, Article 1520. The answer denies that the disposition presents a *fidei commissum* or substitution; avers its validity; states that it is for the benefit of the poor of the diocese, is in favor of the Archbishop or of the corporation, the Roman Catholic Church of the diocese of New Orleans, and, in either view, is valid. Archbishop Janssens died after this suit was brought and his successor, the present Archbishop Placidus, Louis Chappelle, was introduced as defendant, and takes this appeal.

It has become elementary with us that the testamentary power must be exerted in subordination to the titles of ownership prescribed by the Code. Our law will not tolerate the introduction of tenures not recognized by the Code, and in the Code full ownership with its modification receives explicit determination. Articles 488, 533, *et seq.* Succession of Franklin, 7th Ann., p. 395; Succession of McCann, 48th Ann., 145; State of Louisiana, Etc. vs. Executors of McDonogh, 8th Ann., 171. The Code prohibits donations *inter vivos,* or *mortis causa,* substitutions, *fidei commissa,* and conditions contrary to law and morals. In the will before us there is the designation of the Archbishop of the diocese of Louisiana and his successors in office forever as the legatees, on the condition the revenues of the property shall forever be applied to the benefit of the institution designed by the testator. The argument insists we are to treat the legacies as in favor of the corporation known as the 'Society of the Roman Catholic Church of the diocese of New Orleans, of which the Archbishop is the representative. Whether we hold the church or the Archbishop to be the legatees, we are confronted with the difficulty arising from the title the will seeks to create. The will conveys no ownership. The title, such as it is, is one of mere administration. Whether held by the church or the Archbishops, the property is to be forever inalienable. It requires no argument to demonstrate that no

such title has any place in our Code. The will, in our view, would be obnoxious to our law in seeking to introduce an impossible and illegal tenure. Succession of Franklin, 7th Ann., 416; Harper vs. Stansborough, 2nd Ann., 380; Succession of McCann, 48th Ann., 156. To discriminate this case from that of Franklin, a will in favor of trustees for the benefit of an educational institution, our attention is directed to the fact that the word "trustee" does not occur in the will. But names cannot change substance. The only title the will proposes is that for the administration of the property and the application of its revenues to the purpose of the testator.

In our view there is no escape from the conclusion that because of the destination of the property and its revenues forever to the maintenance of the charitable institution we have the trust estate and the title only for the purposes of that trust vested in the legatees. It is in our view, precisely such a title as was condemned in the Franklin case. The argument claims that the destination of property and revenues for the purpose of the testator is to be treated as a mere recommendation not at all affecting the legacy. In the cases cited in this connection, Orphan Society vs. New Orleans, 12th Ann., 66; Partee vs. Hill, 12th Ann., 767, there was a legal title conveyed by the will. The court treated the provisions as to the use or application of the revenues as advisory or suggestive. Here the condition on which the property is given is of the nature of the title. The property is given for the purpose named by the testator and for that purpose alone is the title conveyed. The argument further insists that as the will imports no prohibited substitution we should apply the article of the Code that regards illegal conditions as not written. Civil Code, Article 1519. But this principle has its limitation. There must be a title in the legatee, to which the illegal conditions are sought to be attached. But where the illegal conditions are of the essence of the title, it cannot be made good by disregarding the conditions. The view pressed on us in this connection was urged and discarded in the Franklin case. Where the words, said the court, are sufficient to vest the legal title in the legatee, and the intention to create such a title is manifest, in furtherance of that intention the law will presume the illegal conditions as inadvertant and reputes them not written, but where the title created by the will is a tenure not recognized by our Code, to change it and convert it into a valid title, is to make a new will. Succession of Franklin, 7th Ann., 414. If in this case we could per-

ceive there was any intention on the part of the testator to vest ownership in the sense of the law, in the Archbishop, or the church, our decree would give to one or the other the property in absolute ownership and repute the conditions not written. To do that, would be, in our view, to make the will and at the same time defeat the testator's purpose.

Judgment affirmed.

The opinion in this case was prepared by the late Justice Miller, and having been considered by the court, subsequently, was adopted as the judgment of the court.

Rehearing refused.