FRUGÉ, Judge.
This is a suit to enforce specific performance of a contract. From an adverse judgment ordering specific performance the defendant has appealed.
Plaintiffs acquired certain property by inheritance in the succession of Charles Linkswiler. They entered into a contract with defendant to sell part of said property. Defendant refused to accept title alleging that certain defects could not be cured in the manner proposed by plaintiff. This suit followed.
*492 The alleged defect arose as a result of the terms of the will of deceased. The pertinent part reads as follows:
“3. It is my desire that my estate be divided among my legal heirs, as the law. directs, subject however, to the usufruct hereinafter created.
“4. I give and bequeath to my beloved niece, Edith Lindel Peyton who is one of my legal heirs, as an extra portion, a usufruct on my estate to the extent that she will be paid therefrom the sum of One Hundred Fifty ($150.-00) Dollars per month during the period of her natural life, * * * ”
Edith Peyton is an interdict. Defendant maintained that this disposition created a trust and not a usufruct, but that if it was a ■usufruct that it could not be disposed of ¡because there is no provision in our law by which a usufruct, owned by an interdict, may be disposed of.
Defendant has relied on the Succession of Ward, 110 La. 75, 34 So. 135, in support •of the contention that the disposition created a trust. There the will read, in part, as follows:
“I give * * * to my brother * * * twenty dollars a month during his lifetime. My estate is to remain intact during the lifetime of my brother * * * After the death of my brother James all my property shall go to my nephews * * *.”
It was held that this was not a usufruct, but a fidei commissum forbidden by law since the executor was to hold the property in trust during the life of the so-called usufructuary. In the case at bar we do not find that the will evidenced an intent to keep the property intact, nor that it should remain in the hands of the executor until the death of the usufructuary. Title to the property vested in all the plaintiffs when put in possession in the succession of decedent, subject only to the “usufruct or annuity” of Edith Peyton. The will does not disclose an intent to create a trust. Under the will she is to receive an extra portion which was termed a usufruct. None of her co-heirs have complained of this provision, but rather have approved of it (impliedly or tacitly) in joining in the original proceedings in the succession of decedent. (Furthermore, they have not attacked the validity of the will — under LSA-C.C. 3542 they are barred from doing so by the prescription of five years.) The manner in which this property has been managed has not been disclosed to us. However Edith Peyton has been paid the extra portion in accordance with the will and judgment of possession.
Defendant has relied on the Succession of Ward, supra, holding that “a person to whom, out of the revenues of an estate, a certain amount is to be paid monthly, is not a usufructuary”, regardless of what it may have been named by the testator. However, plaintiff maintains that it is not necessarily a usufruct, but may be in the nature of a legacy of a revenue or pension. LSA-C.C. 607 provides that: “The legacy made to any one of the revenues of a property, is a kind of usufruct, which also ceases and becomes extinguished by the death of the legatee * * * It is the same with all annual legacies * * *.” We are inclined to favor an interpretation of the will which would place the interest in question in the category of an annual legacy of revenues of the estate limited to $150 per month.
The sole remaining question is whether or not the interest of the interdict, Edith Lindel Peyton, can be disposed of or sold. We believe that it can be sold without placing a cloud on the title thus delivered.
The legacy of this extra portion “is a kind of usufruct”. See LSA-C.C. 607. A usufruct may be sold, leased or given away. See LSA-C.C. 555. This “extra portion” can be sold.
Defendant has maintained that this interest cannot be disposed of because there is no provision in our laws authorizing the disposition of such an interest owned by an *493 interdict. However^ under the express provisions of LSA-R.S. 9:671 to 9:675 a private sale of the interest of an interdict is provided for. LSA-R.S. 9:652, 9:653, and 9:671 to 9:675 provide the necessary legal steps and authorization required before the interest of the interdict may be disposed of. These provisions do not specifically set out what interests may be sold or alienated. However, there is no prohibitive language therein, and we are not inclined to supply prohibitions that the legislature did not provide for.
The lower court rendered judgment against defendant in accordance with subdivision (e) of plaintiffs’ prayer in its original petition. Subdivision (e) requested that there be judgment “Declaring that the title offered by your petitioners to the said [defendant] * * * is valid, good and merchantable, subject only to the authorization of the District Court in and for Cal-casieu Parish, Louisiana, in said Interdiction proceeding for the sale of the said Interdict’s undivided interest in said two tracts of land and the cancellation, release or sale of the said Interdict’s additional usufructuary or other rights in said two tracts of land for a valuable consideration to be paid to the said Interdict; * * * ” We find the judgment in this respect correct. If the trial judge, in the interdiction proceedings, finds that the proposed sale is in accordance with law and for the best advantage of the Interdict then it will issue the necessary orders. When the necessary orders are obtained there can be no question but that a valid title will be conveyed to the defendant.
For the foregoing assigned reasons we find that the judgment appealed from is correct in that a good and merchantable title may be conveyed upon taking the necessary legal steps in the Interdiction proceedings of Edith Lindel Peyton and accordingly affirm the judgment of the lower court. Costs of this appeal to be paid by the defendant-appellant.
Affirmed.