ESTATE OF CHARLES C. BAUMBERGER, JR., DECEASED, BEXAR COUNTY NATIONAL BANK OF SAN ANTONIO AND E. A. BAETZ, INDEPENDENT EXECUTORS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Estate of Baumberger v. Commissioner
Docket No. 8137-72
United States Tax Court
T.C. Memo 1975-61; 1975 Tax Ct. Memo LEXIS 308; 34 T.C.M. (CCH) 332; T.C.M. (RIA) 750061; March 18, 1975, Filed Travis M. Moursund, for the petitioners. William T. Overton, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent has determined a deficiency of $1,173,084.34 in the Federal estate tax of petitioner. Certain issues having been conceded, it remains for us to decide the amount deductible from the gross estate under section 2055, Internal Revenue Code of *309 1954, as amended, [1] in determining the taxable estate. FINDIGS OF FACT The stipulation of facts and exhibits appended thereto are incorporated herein. Bexar County National Bank of San Antonio and E. A. Baetz are the independent executors of the Estate of Charles C. Baumberger, Jr., deceased. Their legal residence and principal place of business was San Antonio, Texas, when the petition herein was filed. The Federal estate tax return for the Estate of Charles C. Baumberger, Jr., was filed with the district director of internal revenue, Austin, Texas. Charles C. Baumberger, Jr. (the decedent), died on July 15, 1968. [2] The decedent left a will dated August 26, 1949, together with codicils dated January 14, 1952; July 21, 1956; April 29, 1959; and November 22, 1965. The will and codicils were admitted to probate by the County Court of Bexar County (Texas) on July 30, 1968. The will provided as follows in pertinent part: ITEM 5.
I hereby direct and provide that all Federal and State succession, inheritance and estate taxes, and other similar taxes and charges, *310 if any, which become payable at or on account of my death, whether otherwise chargeable against my estate or against particular respective beneficiaries, shall be paid from and by my estate by my Executors. ITEM 6. I give and bequeath to my wife, GENE W. BAUMBERGER, to have and to hold as her own, absolutely, one family automobile, to be selected by her, on hand at the time of my death and all my jewelry and personal effects and all household and kitchen furniture, furnishings and equipment in, at the time of my death, home now used and occupied by us on property located on the Blanco Road, as well as all other articles of personal property then in use upon said premises for caring for or using the same, and direct that said terms mentioned specifically in this paragraph shall be turned over to said GENE W. BAUMBERGER as soon as possible after my death and without delay pending administration upon my estate. ITEM 7.
I give, bequeath and devise to my wife, GENE W. BAUMBERGER, said property on the Blanco Road now used and occupied by us as our home, to have, use and enjoy during her lifetime * * * with remainder over * * * on her death * * * as a part of my residuary estate *311 * * * to those then entitled to take or hold my residuary estate as provided for in the subsequent provisions of this will. I direct that possession of the property mentioned specifically in this paragraph shall be retained by or turned over to said GENE W. BAUMBERGER as soon as possible after my death and without delay pending administration on my estate. ITEM 8. I give, bequeath and devise all of the rest, residue and remainder of my properties and estate, be the same real, personal or mixed, and including both my separate property and my half of the community property of myself and my wife, in trust unto BEXAR COUNTY NATIONAL BANK OF SAN ANTONIO and E. A. BAETZ as Trustees, and to their successors as trustees, for the purposes and subject to the conditions hereinafter expressed. * * * * * * * * The trust hereby created is for the benefit of my wife, GENE W. BAUMBERGER, to the following extent: The net income from such trust estate * * * shall be paid over by the Trustees to my wife as long as she lives, * * * * * * * * The trust provided for herein shall terminate upon the * * * death of my wife * * * Upon the termination of this trust, the Trustees of *312 this trust shall pay over, deliver, transfer, assign and convey all funds, properties and assets of the trust estate, including any undistributed accumulated or accured income, to the Trustees of BAUMBERGER ENDOWMENT, provided for hereinafter, and their successors, to be and constitute a perpetual fund in the nature of an endowment fund, the income from which is to be devoted to the education in the basic arts and science of Texas boys and girls. * * * * * ITEM 10.
I direct and provide that no sale or sales of any stock in San Antonio Portland Cement Company or in Bexar County National Bank owned by me at the time of my death shall be sold or otherwise disposed of by the Trustees of either of the trusts herein created. The codicil of July 21, 1956, provided as follows in pertinent part: ITEM I
The properties described in Items VI and VII of my said will shall not be sold for the payment of any debts, expenses of administration or taxes, as I intend that my wife shall have the full benefit of the provisions of such two items. ITEM II
The stocks described *313 in Item X of my said will shall not be sold by my executors in order to pay debts, expenses of administration or taxes unless the assets and properties other than those referred to in Item I hereof are found by the executors to be insufficient for that purpose. I further provide in this connection that if it becomes necessary to sell any of the stocks described in said Item X, then resort is to be had first to the stock in The Bexar County National Bank of San Antonio as I desire that the stock in the San Antonio Portland Cement Company be protected from sale in any event. ITEM III
I hereby modify and change the provisions of said First Codicil to my will so as to provide, and I do hereby provide, that if the properties and assets exclusive of the properties and stock referred to in Items I and II hereof are found by the executors of my will to be insufficient to pay debts, expenses of administration and the taxes provided to be paid in Item V of my will, they are empowered to sell, and shall sell, the property described in said First Codicil known as the Navarro Hotel, also described as Lot 6, New City Block 125 in the City of San Antonio, Texas and the proceeds shall be *314 used and applied by them to the payment of the debts, expenses of administration and taxes provided to be paid in Item V of my will. If there be any remainder, the same shall pass under the terms of my will. The finding or determination made by my executors in regard to this matter shall be final and conclusive and binding upon those named in said codicil. In so far as the provisions of said First Codicil conflict with the provisions of this codicil, such conflicting provisions of said First Codicil are cancelled and annuled (sic). Notice of the deficiency at issue herein was dated August 3, 1972. OPINION The decedent's will provided that by reason of his death, Gene receive certain of his personalty and a life estate in their family residence. With the remaining assets of the estate, debts, taxes and administration expenses were to be paid and a trust established. [3] The net income of the trust was to be paid to Gene during her lifetime; [4] and upon her death both the corpus of the trust and the family residence were to be transferred to the trustees of the Baumberger Endowment, a fund, the income of which was to be devoted to the education of Texas boys and girls. *315 It is proper that in the computation of the decedent's taxable estate, his gross estate be reduced by the value of the interest left to the Baumberger Endowment. [5] Valuation of this interest is somewhat complex; for the Endowment was bequeathed a remainder interest in the decedent's residuary estate, and the value of the residue is determined in part by the amount of estate and inheritance taxes [6] to be paid. [7]
*316 Respondent would value the Endowment's interest in the residue, first by computing what the tax liability of the estate would be were the Endowment's interest in the residue not to be diminished by taxes; then by reducing the charitable deduction utilized in making that computation by an amount which bears to the tax liability thereby determined, the same relation that the present value of the Endowment's interest in the residue bears to the entire residue. This reduction would necessitate a redetermination of the estate's tax liability and a further adjustment of the charitable deduction; and the process would be repeated until a computation of liability yielded the amount of tax that was presumed to be owing when the amount of the charitable deduction used in making the computation was fixed. This method of determining the value of a residuary bequest to a charitable beneficiary has been approved by several courts of appeals. Dulles v. Johnson,273 F.2d 362 (C.A. 2, 1959) certiorari denied 364 U.S. 834 (1960); Estate of Aldrich v. Commissioner,425 F.2d 1395 (C.A. 5, 1970), affirming a Memorandum Opinion of this Court. We *317 hold its application appropriate in this instance. Decision will be entered under Rule 155
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. For purposes of the Federal estate tax, decedent's estate is valued as of the date of his death.↩
3. In the codicil to his will dated July 21, 1956, the decedent established the order in which the remaining assets of his estate were to be sold to satisfy debts, taxes and administration expenses. ↩
4. Certain provisions of the decedent's will qualifying Gene's right to receive the net income of the trust during her lifetime are of no bearing upon the matters at issue herein.↩
5. SEC. 2055. TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES. (a) In General.--For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers * * *. * * * * * (3) to a trustee or trustees, * * * but only if such contributions or gifts are to be used by such trustee or trustees * * * exclusively for * * * educational purposes * * *. ↩
6. Taxes in an amount equal to the maximum credit allowed under sec. 2011 are imposed in respect of decedent's estate by the State of Texas. See V.A.T.S. Tax.-Gen. art. 14.01, etseq.↩ This being the case, the total tax liability incurred by virtue of the decedent's death shall equal the gross Federal estate tax determined under sec. 2001. 7. SEC. 2055. TRANSFERS FOR PUBLIC, CHARITABLE AND RELIGIOUS USES. * * * * * (c) Death Taxes Payable Out of Bequests.-- If the tax imposed by section 2001, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this section, then the amount deductible under this section shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes.↩