GULOTTA, Judge.
Decedent bequeathed to her husband the usufruct of her separate property under the following conditions:
“ . . . said usufruct to be for his lifetime and to terminate only upon his death or in the event he allows Thelma Poitant Augustus or Cecile Hill to enter this house.”
By way of background, from 1937 to 1946, Leonard Augustus, the usufructuary, lived with decedent, Hattie Simon. In 1946, he married Thelma Poitant; however, shortly thereafter returned to live with decedent. In 1960, while Augustus was still married to Poitant, Simon executed the statutory will containing the conditions upon which the usufruct terminated. In 1968, Augustus divorced Poitant and married Simon, with whom he lived until her death in 1969. In 1971, Augustus remarried Poitant and they lived in the house upon which Augustus enjoyed a conditional usu-fruct.
The trial judge, pursuant to a rule brought by the executrix for termination of the usufruct, made the rule absolute and ordered Augustus to vacate the premises.
The legatee, Augustus, appeals. We affirm.
It is not disputed that Poitant lived in the premises with Augustus subsequent to the testator’s death. Augustus seeks to set aside the condition terminating the usu-fruct on the ground that the condition is against public policy and contra bonos mores. The testamentary usufructuary relies on LSA-C.C. art. 1527 which provides:
Art. 1527. Charges or conditions imposed by donor
“Art. 1527. The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals.”
Citing dicta in Succession of Ruxton, 226 La. 1088, 78 So.2d 183 (1955)[1] and French Commentators (Aubry and Rau) in Civil Law Translations, Vol. 3, § 692, at page 290, Augustus claims that the condition for termination of the usufruct is a restriction of the legatee’s right to remarry and is therefore contrary to law and against good morals.
*476 In the first place, the condition places no restriction on the legatee’s right to remarry. If, as contended by the legatee, the bequest does place such a restriction, we find no merit to his contention.
LSA-C.C. art. 542 provides:
Art. 542. Absolute or conditional establishment of usufruct
“Art. 542. Usufruct may be established simply, or to take place at a certain day, or under condition; in a word, under all such modifications as the person who gives such a right may be pleased to annex to it.”
Further, LSA-C.C. art. 1712 provides: Art. 1712. Intention of testator
“Art. 1712. In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.”
In Succession of Ruxton, supra, the holding of the court was that a condition in a bequest based on the legatee’s being unmarried at the time of testator’s death is not contrary to good morals or public policy. Also, bequests in restraint of a second marriage are not opposed to the public policy of this state. See Labarre v. Hopkins, 10 La. Ann. 466 (1855). See also LSA-C.C. art. 916, the legal usufruct article, providing the usufruct shall cease upon remarriage.[2]
Although we conclude, in addressing legatee’s argument, that a condition contained in the will terminating the usu-fruct upon the legatee’s remarriage is not contra bonos mores, we point out that we do not interpret the condition in the will in our case to restrict or prohibit the legatee’s right to remarry. The condition merely prohibits Thelma Poitant from entering decedent’s separate property. We fail to find this condition either violative of law or against good morals.
Accordingly, the judgment is affirmed.

AFFIRMED.

. The court, in dicta, said:
“ . . . but conceding, without deciding, that a legacy conditioned upon the legatee remaining unmarried is against the public policy of this State . .

. Other persuasive Codal provisions are LSA-C.C. arts. 608 and 610.