690 So.2d 134 (1997)
SUCCESSION OF Irwin Charles Ford WEIDIG.
No. 96 CA 1214.
Court of Appeal of Louisiana, First Circuit.
February 14, 1997.
*135 William J. Dutel, Covington, for Plaintiffs-Appellants, Karen Faulkner, Arlene Weidig, and Gayle Bircher.
D. Agna Caire, Slidell, for Defendant-Appellee, Ruth Weidig.
Laura Junge Carman, New Orleans, for Succession of Weidig.
Before SHORTESS, CARTER and LeBLANC, JJ.
SHORTESS, Judge.
The parties here dispute the legality of a testamentary usufruct of the home located at 404 Arrowwood Drive, Slidell, Louisiana. Karen W. Faulkner, Arlene C. Weidig, and Gayle W. Bircher (plaintiffs) are daughters/heirs of Irwin Charles Ford Weidig, the testator, who died on July 5, 1994. Ruth Marguerite Weidig (defendant) is the testator's second wife and surviving spouse. The testator granted the usufruct of his home as described above, to defendant. He also relieved her of the responsibility for paying any expense associated with it except interior maintenance expenses under $500.00, one-fourth of the homeowner's insurance policy premiums, monthly utility charges, and all state and city property taxes. Plaintiffs were to be responsible for all other house maintenance and repair costs. They objected because as naked owners the default rules of the Louisiana Civil Code would require them to pay for extraordinary repairs only, as the usufructuary is to pay all ordinary and extraordinary maintenance expenses. Plaintiffs argue this usufruct provision was illegal, immoral (La. C.C. art. 1519), or contrary to public policy (La. C.C. art. 7) and therefore should have no legal efficacy. Plaintiffs also demanded security from defendant.
The trial court ruled in favor of defendant, finding the usufruct was a valid legal usufruct according to Civil Code article 890 and not contrary to public policy. It also delayed requiring defendant to post security until the parties introduced evidence to set the bond amount and the usufructuary could be legally placed in possession of the house. The trial court found plaintiffs were to receive three-fourths of their father's residuary estate while defendant was to receive the remaining *136 one-fourth.[1] This distribution meant plaintiffs not only received their legitime but a portion of their father's disposable estate, too. The trial court's reasons for judgment specifically mention its conclusion that the testator intended to deviate from the default rules provided in the Civil Code governing the responsibilities and relationships between usufructuaries and naked owners, and that this deviation was not against public policy.
Plaintiffs appeal and raise three assignments of error: 1) the trial court erred in finding the usufruct to be a legal usufruct; 2) the trial court erred in finding the usufruct was not against public policy; and 3) the trial court erred in delaying to require defendant to post security.
In their first assignment of error, plaintiffs argue the trial court erred in ruling the usufruct to be legal, rather than testamentary. This assignment does present a legal question, but plaintiffs do not explain how either classification would help provide the remedy they seek: to strike the usufruct from the testament as an absolute nullity. La. C.C. arts. 7, 1519. Therefore, since a ruling on whether the usufruct is legal or testamentary will not provide sufficient guidance in settling this dispute, we pretermit ruling on this issue.
The central and dominant issue, and plaintiffs' second assignment of error, is whether the usufruct violates public policy by requiring the naked owners to pay for expenses from which they are generally exempt according to Civil Code articles 577-585. Civil Code article 545 allows a testator to modify the rights and obligations between a usufructuary and naked owner. The second paragraph of article 545 reads:
The rights and obligations of the usufructuary and of the naked owner may be modified by agreement unless modification is prohibited by law or by the grantor in the act establishing the usufruct.
Clearly, article 545 allows a testator to deviate from the default rules of the Civil Code on usufructs if he does so in the testament, and the change does not violate public policy or prohibitory laws. See La. C.C. art. 545, comment (b). We found two instances where courts have found a testator's modification to be contrary to public policy. The first instance is where the usufructuary/legatee was deprived of the administration of the property subject to the usufruct. See La. C.C. art. 545, comment (c), citing Succession of Ward, 110 La. 75, 34 So. 135, 136 (1903). The second instance is where the usufruct was created for a term or under a condition exceeding the lifetime of an individual usufructuary. See La. C.C. art. 545, comment (b); Yiannopoulos, Louisiana Civil Law Treatise, Personal Servitudes, § 12 at 52-53; La. C.C. art. 607 as revised in 1976; French Civil Code 617.
Generally though, a testator possesses broad testamentary freedom. For example, a condition terminating a usufruct if the legatee remarried was held not to violate public policy. Succession of Augustus, 361 So.2d 474, 476 (La.App. 4th Cir.1978). The testator may also relieve the usufructuary of consumable things of the obligation to account for their value to the naked owner without violating public policy. See La. C.C. art. 545, comment (b), citing In re Courtin, 144 La. 971, 81 So. 457 (1919). Additionally, the testator may confine the usufructuary's enjoyment to certain designated advantages of use without violating public policy. See La. C.C. art. 545, comment (b), citing Gibson v. Zylks, 186 La. 1043, 173 So. 757 (1937).
The trial court correctly ruled the usufruct was not against public policy because plaintiffs received more than required under state law, i.e., not only their forced portion but part of their father's disposable portion, too. We believe, as the trial court did, the testator intentionally drafted his testament to lighten his spouse's financial and managerial responsibility in the event he died first. The testator obviously preferred his children incur the responsibility for paying these expenses, possibly because he knew they were better able, or were in a better position, to do so. His plan is not unreasonably *137 onerous, and we find no legally compelling reason to change it. Plaintiffs' second assignment lacks merit.
Lastly, in their third assignment of error, plaintiffs object to the trial court's delay in requiring defendant to post security until she is legally placed into possession. They argue that since they are not children of the marriage between their father and defendant, they are entitled to the immediate posting of security to protect their interests as naked owners, especially since the record suggests defendant is actually living in the house. Since the testator did not expressly waive security in his testament (La. C.C. art. 571), plaintiffs are entitled to have defendant post security. See La. C.C.P. art. 3154.1; Morgan v. Leach, 96-0173 (La.App. 1st Cir. 9/27/96), 680 So.2d 1381, 1385. Therefore, we reverse and remand so the trial court can proceed with a hearing without delay so it can determine the amount of security it deems appropriate. In all other respects, the decision of the trial court is affirmed. Plaintiffs are taxed for all costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The house subject to the usufruct was left to plaintiffs, with each to have a one-third undivided interest.